OSLER, APPELLEE AND CROSS-APPELLANT, *v.* CITY OF LORAIN, APPELLANT AND CROSS-APPELLEE.

[Cite as Osler *v.* Lorain (1986), 28 Ohio St. 3d 345.]

(No. 86-284—Decided December 26, 1986.)

*Miller, Stillman & Bartel* and *Willard E. Bartel,* for appellee and cross-appellant.

*Miraldi & Barrett Co., L.P.A., Benjamin F. Barrett* and *David P. Miraldi*; and *Edward Zaleski,* director of law, for appellant and cross-appellee.

CELEBREZZE, C.J.  This case requires us to examine and apply fundamental principles of the law of negligence. An integral part of our analysis is the basic and well-settled concept that negligence is without legal consequence unless it is a proximate cause of an injury. See, generally, Prosser & Keeton, Law of Torts (5 Ed. 1984) 272-280, Section 42.

We are first called on to determine whether there was error in the trial court's decision to grant the city's motion for judgment notwithstanding the verdict. A favorable ruling on such a motion is not easily obtained, as this court explained in *Posin* v. *A.B.C. Motor Court Hotel* (1976), 45 Ohio St. 2d 271, 275 [74 O.O.2d 427]:

"The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. *Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.*" (Emphasis added.)

It is apparent to us that in granting the city's motion for judgment notwithstanding the verdict, the trial court improperly weighed the

evidence of causation in this case. Even if we were to agree with the trial court's assessment that Osler was driving while intoxicated in violation of former R.C. 4511.19(A),[1] we cannot sanction that court's leap to the conclusion that Osler's intoxication barred recovery for his injury.

The trial court found, and the city asserts on appeal, that the city had no duty to keep its streets open and free from nuisance to those who violate the statute which forbids driving while under the influence of alcohol. However, we believe the court of appeals put the issue in this case in its proper perspective as follows:

"The primary question is not whether the city owes a duty to drunk drivers, but whether the city negligently failed to keep the street in repair and free from nuisance. The next question, assuming negligence is found, is whether the city's failure to meet its statutory duties was the proximate cause of * * * [Osler's] injuries or whether * * * [Osler's] injuries were the result of his own intoxicated state."

It has long been recognized that a person's intoxication will not bar his recovery in a negligence action unless the intoxication is the proximate cause of his injury. This court itself has refused to declare an individual negligent, merely because of his intoxication, absent a causal relation between intoxication and injury.[2] *Parton* v. *Weilnau* (1959), 169 Ohio St. 145, 151-152 [8 O.O.2d 134]. And we are not alone.

The Supreme Court of Hawaii reached a similar conclusion in a case involving an intoxicated driver and a negligence action against a city for alleged defective maintenance of a highway. In *McKenna* v. *Volkswagenwerk Aktiengesellschaft* (1977), 57 Hawaii 460, 558 P. 2d 1018, two sisters were killed in a highway collision with the allegedly intoxicated driver of an oncoming car. The personal representatives of the decedents sued, among others, the city of Honolulu, alleging that the city's negligent maintenance of the highway caused the fatal crash. The city contended that it was insulated from liability because the intoxicated driver, and not its negligent maintenance, had caused the accident. The state supreme

---

[1] The evidence regarding Osler's level of intoxication was not entirely conclusive. Both of the city's experts were forced to admit, on cross-examination, that they could not definitely state what Osler's blood-alcohol content was at the time of his accident. Further, a witness who was at the birthday party with Osler testified that Osler did not appear to be intoxicated.

[2] R.C. 2315.19, the comparative negligence statute, incorporates the fundamental common-law concept of proximate cause. R.C. 2315.19(A)(1) provides in pertinent part:

"In negligence actions, *the contributory negligence of a person does not bar the person or his legal representative from recovering damages that have directly and proximately resulted from the negligence of one or more other persons,* if the contributory negligence of the person bringing the action was no greater than the combined negligence of all other persons from whom recovery is sought. However, any damages recoverable by the person bringing the action shall be diminished by an amount that is proportionately equal to his percentage of negligence, which percentage is determined pursuant to division (B) of this section." (Emphasis added.)

court overturned a directed verdict in the city's favor, stating that it had not been shown conclusively that the driver's negligence, rather than the city's, was the cause of the collision. The *McKenna* court's reasoning is consistent with the reasoning of this state and that of others:

"* * * [D]riving a car while under the influence of intoxicating liquor does not constitute actionable negligence or contributory negligence unless there is a causal relationship between the intoxication and the accident. In *Anderson* v. *Morgan,* 73 Ariz. 344, 241 P. 2d 786 (1952), where the defendant driver was intoxicated but there was no substantial evidence that his operation of his truck proximately caused the accident, a judgment was directed for the defendant. In *Atkins* v. *Moye,* 277 N.C. 179, 176 S.E. 2d 789 (1970), the plaintiff, one of the drivers in a vehicle accident, was intoxicated. Proof of this fact was held to be insufficient to establish contributory negligence without proof that his condition caused him to operate his automobile in a manner which constituted a proximate cause of the collision." *Id.* at 467, 558 P.2d at 1024. Accord *Landrey* v. *United Services Auto. Assn.* (1970), 49 Wis. 2d 150, 158, 181 N.W. 2d 407, 412.

These principles are equally applicable to the instant case. The city claims it is insulated from liability for Osler's injury because he was driving while intoxicated in violation of R.C. 4511.19. However, it is error to propose an equation in which Osler's intoxication equals negligence, thus barring his recovery under R.C. 2315.19, without factoring in the evidence at trial relating to the cause or causes of his injury.[3]

There was substantial expert and factual testimony adduced at trial to the effect that the condition of the city's road was defective and dangerous. There was substantial evidence which showed that the city's negligent failure to keep the road open and free from nuisance was the proximate cause of Osler's accident and injury. The jury's verdict reflected this view of the evidence. Yet the trial court apparently decided that the foregoing evidence of causation had no weight or credibility, or was irrelevant, for it ruled as a matter of law that Osler's injury was solely the result of his own negligence in driving while intoxicated. This was improper. In considering a motion for judgment notwithstanding the verdict, a court

---

[3] The principle that causation must be shown before a plaintiff can be denied recovery on the basis of his intoxication is not a new one. In *Allen* v. *Pearson* (1915), 89 Conn. 401, 94 A. 277, the injured plaintiff, a motorcyclist, was involved in a collision with the driver of an automobile. In a post-trial proceeding, the driver-defendant sought a new trial on grounds that the plaintiff was driving his motorcycle while intoxicated, and thus should be barred from recovery by his own contributory negligence. The Supreme Court of Connecticut held as follows:

"If * * * [plaintiff] was operating his motor-cycle on the highway while under the influence of intoxicating liquor at the time of his injury, he was violating chapter 85 of the Public Acts of 1911 * * * but that fact would not be enough to change the result of the former trial. The * * * [defendant] would be required to go further, and introduce evidence to show that such violation of the statute was a proximate cause of * * * [plaintiff's] injuries." *Id.* at 403, 94 A. at 278.

does not weigh the evidence or test the credibility of the witnesses. Civ. R. 50(B); *Posin, supra,* at 275. The court of appeals was therefore correct in finding error in the trial court's grant of judgment to the city, and we affirm the court of appeals' decision in this regard.

We turn now to the question of whether the grant of a new trial was error. Two grounds were specified here, and we will first review the determination to grant a new trial on the basis that the verdict was contrary to law. The trial court ruled that the case should not have been submitted to the jury under Ohio's comparative negligence statute, R.C. 2315.19. The city urges us to approve this ruling and contends that Osler's conduct in driving while intoxicated was, as a matter of law, willful or wanton misconduct which could not be compared to the city's negligent conduct.

We must reject this contention. Although it is true that such misconduct is in legal contemplation different from a "merely" negligent act, courts have held that the act of driving while intoxicated is not in and of itself willful or wanton misconduct as a matter of law. See, *e.g., Gossett* v. *Jackson* (1965), 10 Ohio App. 2d 121, 123 [39 O.O.2d 201]; *Russell* v. *Elkins* (1961), 115 Ohio App. 341, 345 [16 O.O.2d 472]. There must be evidence of other aggravating facts and circumstances in order to show that an act was willful or wanton in nature. See, *e.g., Helleren* v. *Dixon* (1949), 152 Ohio St. 40 [39 O.O. 368].

Further, this court has previously observed that the question of whether an automobile driver's alleged unlawful conduct was wanton or willful is a question of fact for the jury to consider in light of all the surrounding facts and circumstances. See *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, 117 [4 O.O.3d 243]; *Tighe* v. *Diamond* (1948), 149 Ohio St. 520, 528-530 [37 O.O. 243].

Thus, only in the most egregious cases should a court find willful or wanton misconduct as a matter of law. Such a finding was properly made by the court of appeals in *Kemock* v. *The Mark II* (1978), 62 Ohio App. 2d 103, 117-118 [16 O.O.3d 254] where the decedent was not only driving while intoxicated, but also exceeded the speed limit, made an illegal right hand turn on red, and attempted to elude a police officer before his fatal crash. The evidence in the instant case, however, does not reveal *any* such aggravating factors beyond Osler's alleged intoxication. In fact, the city in its answer did not even assert Osler's supposed willful and wanton misconduct as a defense.[4] Thus, based on the evidence adduced at trial, this case was properly submitted to the jury under the comparative negligence statute and the trial court erred in holding Osler's conduct to have been willful and wanton as a matter of law.

---

[4] It should additionally be pointed out that the city apparently did not allege, in any of its pre- or post-trial motions, that Osler's recovery should be barred by his willful or wanton misconduct. Nor was this argument relied on by the city at the hearing on its motion for a new trial. This theory did not spring to life until the trial court ruled favorably on that motion.

Finally, we must consider whether there was error in the grant of a new trial on the grounds the jury's verdict was against the manifest weight of the evidence.

Although we have previously stated that the trial court's entry of judgment notwithstanding the verdict was improper, our analysis of the court's grant of a new trial necessarily involves a different standard of review. This court has stated that in ruling on a motion for a new trial, the trial court is afforded wide discretion in determining whether a jury's verdict is against the manifest weight of the evidence, for the court must ensure, in its supervisory capacity, against a miscarriage of justice. *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, 91-93 [52 O.O.2d 376]; *Jenkins* v. *Krieger* (1981), 67 Ohio St. 2d 314, 320 [21 O.O.3d 198]. The trial court may examine the sufficiency of the evidence in so doing. *Rohde, supra,* at 92. Where the trial court's decision on the motion for a new trial involves questions of fact, as in this case, our task as a reviewing court is to "view the evidence favorably to the trial court's action rather than to the jury's verdict." *Krieger, supra,* at 320.

This court's review of a decision to grant a new trial does not involve an evaluation or weighing of the evidence, *Rohde, supra,* at 94-95, and the trial court's judgment should not be reversed absent an abuse of discretion, *id.* at paragraph one of the syllabus. Because the trial court herein set forth facts which constituted a reasonable basis for the determination that the verdict was against the manifest weight of the evidence,[5] we find no abuse of its discretion in granting the city's motion for a new trial. *Antal* v. *Olde Worlde Products, Inc.* (1984), 9 Ohio St. 3d 144.

For all of the foregoing reasons, we affirm the judgment of the court of appeals and remand this cause for a new trial.[6]

*Judgment affirmed*
*and cause remanded.*

---

[5] Specifically, the trial court found:

"(1)  He had frequently driven around this curve on Leavitt Road prior to the incident in question; he was aware of the bump in the roadway, characterizing it as a 'bad bump'; and he had never before lost control of his vehicle or driven off of the roadway when travelling this curve.

"(2)  At the time in question, the roadway was dry and free of ice and snow.

"(3)  At the time of the collision, Plaintiff weighed approximately 175 pounds.

"(4)  On the morning of February 14, 1980, Plaintiff had breakfast between 10:00 a.m. and 11:00 a.m. and had essentially nothing else to eat the rest of the day.

"(5)  Between the time it started to get dark on that day and approximately 7:30 p.m., Plaintiff drank two and a half Brandy Alexanders, which were served in small glasses, and one beer."

[6] Because we are remanding this cause for a new trial, we decline to address the procedural question involving the propriety of the city's "cross-assignments" of error in the court of appeals.

SWEENEY, LOCHER and WRIGHT, JJ., concur.

HOLMES, J., concurs separately.

DOUGLAS, J., concurs in judgment only.

C. BROWN, J., concurs in part and dissents in part.

HOLMES, J., concurring. I concur with the majority, but would like to add that, in my view, the result reached today does not preclude a trial court, in applying comparative negligence principles, under appropriate facts, not here involved, from directing a verdict or entering a judgment notwithstanding the verdict. Had there been further evidence in the case *sub judice* of Osler's lack of control over his actions and his automobile, *e.g.*, that he stumbled into his car, or drove it over curbs left of center or through stop signs or stop lights, or drove swervingly down the road, or any other series of events demonstrating intoxication to the point of debilitation, the trial court would have acted properly in finding Osler more than fifty percent negligent as a matter of law, thus denying him any recovery under R.C. 2315.19. Accordingly, it was stated in *Junge* v. *Brothers* (1985), 16 Ohio St. 3d 1, 4: "Although circumstances could arise under which a directed verdict would be appropriate in a comparative negligence situation, the facts of the case at bar are irreconcilable with that conclusion." The same holds true as to judgments notwithstanding the verdict, since the same test is used in ruling on those motions as for ruling on motions for directed verdicts. *Posin* v. *A.B.C. Motor Court Hotel* (1976), 45 Ohio St. 2d 271, 275 [74 O.O.2d 427].

Here, the only evidence of intoxication was that Osler had a blood-alcohol percentage of .141 some two hours after the accident. The only evidence relative to Osler's driving was that he was driving at a speed greater than the posted speed limit of fifty m.p.h. just before he reached the curve on State Route 58, and that when Osler's automobile hit the bump, his car went out of control, struck a utility pole and rolled down an embankment. Upon a review of the record, I agree that this evidence, in addition to the testimony that Osler had no speech or walking difficulties upon leaving the party, supports the court of appeals' and our conclusion that the trial court's judgment notwithstanding the jury verdict, finding Osler more than fifty percent negligent as a matter of law, was inappropriate.

I further concur with the holding here that, based upon all of the evidence within the record, the trial court did not abuse its discretion in finding that the verdict of the jury was against the manifest weight of the evidence, and ordering a new trial.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part. I concur with the majority in its conclusion that the trial court erred in

granting defendant's motion for judgment notwithstanding the verdict. I do not agree, however, with the majority's determination that a new trial is warranted herein. I am convinced that the trial court abused its discretion in granting a new trial.

The majority concludes correctly in the first portion of its opinion that the trial court improperly weighed the evidence of causation in determining whether to grant defendant's motion for judgment notwithstanding the verdict. The majority next concludes that the trial court did not abuse its discretion in ordering a new trial on the basis that the verdict was against the manifest weight of the evidence. I vigorously disagree with this conclusion.

It is axiomatic that the verdict of a jury is accorded a strong presumption of regularity. In determining whether it is against the manifest weight of the evidence, every reasonable intendment should be made in its favor. See *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, at fn. 3.

I am aware of this court's statement in *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, 94 [52 O.O.2d 376], that where the trial court's decision granting a motion for a new trial involves questions of fact, the reviewing court should view the evidence favorably to the trial court's action rather than to the jury's verdict. I am not in agreement with this standard, because I believe it does not require the proper degree of scrutiny in such cases. In my view, the reviewing court should adopt a skeptical rather than an indulgent stance toward orders granting a new trial where the basis therefor was that the verdict is against the manifest weight of the evidence. The sanctity of the jury verdict warrants a standard of review of such orders that is more protective of the verdict.[7]

Even with the *Rohde* standard, however, I feel that the trial court abused its discretion in granting a new trial. There was sufficient evidence supporting the jury's finding that the city's negligence rather than plaintiff's intoxication was the proximate cause of plaintiff's injuries. An eyewitness to the accident testified that he actually saw plaintiff's automobile leave the road as it hit the bump. There was expert testimony concerning the role the bump played in the crash. The majority itself acknowledges that the evidence regarding plaintiff's level of intoxication "was not entirely conclusive." It further concedes that there was testimony that plaintiff did not appear to be intoxicated shortly before the accident. Given this state of the evidence, it is clear that the trial court

---

[7] I am more in accord with the views of Justice Herbert as expressed in his concurrence in *Rohde*, at 98, as follows:

"* * * In my opinion, this court should not foreclose the possibility that a trial judge, by his actions of record subsequent to the verdict, can so taint the exercise of his discretion that his view of the credibility of the witnesses and his granting of a new trial upon the weight of the evidence are not entitled to the near 'carte blanche' acceptance by a reviewing court which appears to emerge from the majority opinion."

abused its discretion in holding that the jury verdict was against the manifest weight of the evidence.

Accordingly, I would affirm that portion of the court of appeals' judgment reversing the trial court's entry of judgment notwithstanding the verdict, but I would reverse the affirmance of the trial court's order granting a new trial, as no new trial is warranted under these facts.