OPINION
Plaintiff-appellant, Patricia Hubbard, appeals a Clermont County Court of Common Pleas decision denying her motion for judgment notwithstanding the verdict or for a new trial. Hubbard filed her motion after a jury verdict in favor of defendant-appellee, Joan Crutchfield, Administratrix for the Estate of Bruce Crutchfield.[1]
In July 1991, Hubbard's sister rented a house from Bruce Crutchfield. Three concrete steps led from a sidewalk to the primary entrance to the house, a side door. Hubbard first noticed the condition of the steps when she visited the house before her sister moved in. The right side of the bottom step was deteriorating. Hubbard visited the house almost every day from July 1, 1991 through September 30, 1991. On September 30, 1991, Hubbard fell and injured herself on the steps. Hubbard later told one person that her ankle gave out and she slipped and fell while taking the cats out. Hubbard indicated to an emergency room doctor that she slipped and fell down the steps going to find the cats. Hubbard testified at trial that she fell because the bottom step crumbled beneath her left foot.
Hubbard filed suit against Crutchfield on August 10, 1993. She amended that complaint on September 15, 1993. On April 11, 1995, Hubbard filed a motion for partial summary judgment. The trial court denied that motion on June 13, 1995. After a three-day trial, the jury reached a verdict in favor of Crutchfield. The jury concluded that both parties were negligent and that each parties' negligence was a proximate cause of the accident. The jury allocated fifty-one percent of the fault to Hubbard and forty-nine percent to Crutchfield. The trial court subsequently denied Hubbard's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.
On appeal, Hubbard sets forth three assignments of error. Under her first assignment of error, Hubbard complains that the trial court erred in denying her motion for judgment notwithstanding the verdict or for a new trial.
A motion for judgment notwithstanding the verdict under Civ.R. 50(B) tests the legal sufficiency of the evidence.
 The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination * * *.
Osler v. Lorain (1986), 28 Ohio St.3d 345, 347, quoting Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271, 275.
As for Hubbard's motion for a new trial, this court will reverse the trial court only if it abused its discretion by denying the motion. Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus. In ruling on a motion for a new trial based upon an insufficient evidence claim, the trial court must weigh the evidence and decide whether it appears that a manifest injustice has been done and that the verdict is against the manifest weight of the evidence. Rohde, paragraph three of the syllabus. A trial court's judgment is not against the manifest weight of the evidence when it is supported by competent, credible evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
A landlord has a duty to comply with all applicable building, housing, and safety code requirements, and to do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition. R.C. 5321.04(A). Violation of a statute that sets forth specific duties is negligence per se. Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 25. Therefore, a landlord may be liable for injuries proximately caused by the landlord's failure to fulfill the duties R.C. 5321.04 imposes. Id. The landlord's duty under R.C. 5321.04(A) applies to guests of tenants as well as tenants themselves. Shump v. First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, syllabus.
Initially, this court rejects Hubbard's suggestion that a landlord should not be allowed to assert a contributory negligence defense to a tenant's personal injury suit based upon a violation of R.C. 5321.04. Hubbard essentially argues that a landlord's noncompliance with his statutory duties under the Ohio Landlord-Tenant Act imposes absolute liability. The Eighth District Court of Appeals, however, has held that the Ohio Landlord-Tenant Act does not render a landlord the absolute insurer of a tenant's safety despite the tenant's failure to exercise ordinary care. Brazen v. Brazzon (Mar. 13, 1986), Cuyahoga App. No. 50293, unreported. This court agrees with the analysis in Brazen.
Hubbard also complains that there was insufficient evidence to support the jury's finding that she was partially responsible for her fall. There is no question that Hubbard was aware of the condition of the stairs. Hubbard argues, however, that prior knowledge of the defective condition is not conclusive evidence that she failed to exercise due care.
Hubbard's prior knowledge of the condition of the steps was not the only basis the jury may have relied on in finding contributory negligence. Importantly, evidence in the record shows there was room to climb up and down the stairs without stepping on any eroded portion. Hubbard testified at trial that the bottom step crumbled underneath her left foot, but could not offer any more detail about her fall. Two individuals that spoke with Hubbard after the fall indicated that Hubbard did not mention the crumbling step. In both instances, Hubbard did mention that she was involved with cats when she fell.
The jury concluded that Crutchfield was negligent and that his negligence was a proximate cause of Hubbard's injuries. The jury must have concluded that the condition of the steps contributed to Hubbard's fall. According to the jury, however, Hubbard was negligent and her negligence was also a proximate cause of her fall. The totality of the evidence could support a reasonable inference that Hubbard was not paying attention to her surroundings as she descended the steps. This court concludes that there was sufficient evidence in the record to support the jury's conclusion that Hubbard was negligent and that her negligence outweighed Crutchfield's negligence. The trial court did not err in denying Hubbard's motion for judgment notwithstanding the verdict or for a new trial. Hubbard's first assignment of error is overruled.
Under her second assignment of error, Hubbard argues that the trial court erred in denying her motion for partial summary judgment. She specifically complains that the trial court erred in allowing Crutchfield to file a supplemental memorandum and affidavit in response to her motion. This court disagrees.
The trial court found that Crutchfield's failure to file the supplemental memorandum and affidavit earlier amounted to excusable neglect under Civ.R. 6. The trial court noted that there was no indication that Crutchfield willfully disregarded any procedural rules for delay. The trial court also noted that any delay did not substantially prejudice Hubbard, especially since the trial court had previously granted her a ten month continuance. Crutchfield's counsel explained that he did not realize that Hubbard's motion for summary judgment raised the issue of proximate cause. The trial court noted that although Hubbard's memorandum did allude to that issue, it did so "in a somewhat brief and conclusory fashion, and under these circumstances one could very innocently overlook submitting an affidavit concerning the issue of proximate cause."
The trial court did not abuse its discretion in granting Crutchfield leave to file his affidavit. Hubbard's second assignment of error is overruled.
Under her final assignment of error, Hubbard argues that the trial court committed plain error in instructing the jury on the affirmative defense of contributory negligence. Hubbard maintains that there was insufficient evidence on the issue to justify an instruction. This court concludes that the trial court's instruction was consistent with Ohio law and did not amount to plain error. Hubbard's third assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] Bruce Crutchfield died during the pendency of this litigation, and Hubbard substituted Joan Crutchfield as the defendant. The Ohio Department of Human Services was also joined as a third party plaintiff.