I respectfully dissent for the following reasons: Here it is patent that the original contractor, appellee, had no duty to warn appellant of the static condition of the step in question. It was clearly open, notorious, and well known to the appellant. Upon independent review of the record and construing the evidence in appellant's favor, I find that reasonable minds could not conclude other than that the static, defective condition of the step was, particularly as to this appellant (who was familiar with the condition), open and obvious and therefore neither within the scope of any duty to warn nor the proximate cause of appellant's fall. Appellant's knowledge of the condition of the step was long standing and well known. Appellant admitted during her deposition that she entered and exited the house daily during a period of almost four years; that she used this particular side door part of the time; that she knew she had to step up (or down) to get on (or off) the stoop. Finally she testified as follows as to the specific action that led to her fall: A. I stood up to go back into the house. I turned around and started. And I stepped up on, on the stoop. And as I stepped up, while I was stepping, I lost my balance and I fell back landing on my back. As I fell, I could feel my knee twist. I felt a real hard pull and a pain in my leg, in my knee . . . Q. Did you look down at the stoop at all when you were walking up it? A. Yes. I always looked. Transcript of Deposition at 24, 27.
Appellant has the duty of presenting some competent, credible evidence that the step in question was construed other than in a workmanlike manner. Her post trial, and appellate supplications do not avail to the appellee's testimony that the step was properly constructed, inspected and approved. Appellant, in her deposition, admits that the ground around the stoop may have settled following construction. Undertakings to ameliorate the later complaint of appellant's mother, the owner of the premises, do not avail; and failure to correct the matter is the responsibility of the landowner who may have a claim against the contractor. Thus summary judgment was further appropriate as a consequence of want of an issue of fact as to whether the step or stoop was constructed in a negligent fashion. However, even assuming the workmanship issue can be preserved beyond summary judgment, the evidence demonstrates that reasonable minds could not differ upon whether any such defect was the proximate cause of the fall and injury of the appellant. Thus, even if there is a genuinely disputed fact as to whether the stoop in question was constructed in a workmanlike manner, there is no dispute that the extant hazard was static, was open, notorious, and well known to this appellant. See Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49. It also follows that appellant's injury, therefore, was not the proximate consequence of any defect in the stoop. Osler v. Lorain (1986), 28 Ohio St.3d 345. To hold the remote contractor liable for the injuries appellant suffered in a fall would require a determination that the contractor is an insurer of the safety of persons on the premises. Such is not the law.