OPINION
Plaintiff-appellant, Sarah Wendel (Wendel), appeals the judgment of the Van Wert County Court of Common Pleas denying her motion for new trial, following a jury trial in the personal injury action brought by plaintiff against defendant-appellee, Jerome C. Hightower (Hightower).
On June 26, 1994, Wendel, a then fifteen-year-old girl, was a passenger in a vehicle that was traveling on Jennings Road in Van Wert, Ohio. Her mother was the driver of the vehicle, and her brother was another passenger. At the time the Wendel family was traveling on Jennings Road, Hightower was traveling on Mendon Road. At the Jennings and Mendon Road intersection, Hightower failed to stop at a stop sign and hit the side of the Wendel's vehicle. Wendel's mother and brother were transported by ambulance from the scene of the accident to the Van Wert County Hospital. Wendel was also taken to the hospital by her grandmother and examined by an emergency room physician. The physician found no visible injuries on Wendel and subsequently, released her from the hospital.
Four years later, on October 13, 1998, Wendel's mother filed a complaint on Wendel's behalf against Hightower and Grange Mutual Casualty Co.[1] for injuries stemming from the June 26, 1994 accident. Wendell alleged that these injuries included a chipped tooth and severe headaches. She further alleged that she had temporomandibular disease (TMJ), which she claims was caused or exacerbated by the accident. Additionally, Wendel claimed that she must indefinitely wear a splint, a plastic device fitted for her face, to remedy the headaches. Moreover, Wendel claimed that her medical bills were $3,889.00 and that her damages totaled $150,000.00.
On May 31, 2001 and June 1, 2001, a jury trial was held. Before trial, the parties stipulated that Hightower was negligent in causing the accident. Accordingly, the jury was instructed to decide whether the accident was the proximate cause of any injury sustained by Wendel and the amount of damages, if any. Wendel, her mother, brother, and grandmother all testified that Wendel chipped her tooth during the accident and that her headaches began soon after the accident. Wendel's dentist, Dr. Roger Okuley, testified that another dentist in his office restored Wendel's chipped tooth and a billing statement reflected that Wendel had her tooth smoothed on July 1, 1994. However, the emergency room examination report noted that Wendel did not complain of any injury when she was brought to the hospital after the accident with Hightower. The report also noted that the emergency room physician failed to find any apparent injury during the exam. Additionally, several doctors testified that Wendel has severe headaches and TMJ, but the doctors' testimony conflicted as to whether the accident had any influence on these conditions. After reviewing the evidence, the jury returned a verdict in favor of the defendant. Subsequently, Wendel filed a Motion for New Trial, claiming that the verdict was not sustained by the weight of the evidence. The trial court denied the motion and in its entry, noted the following reasons for it's finding that the judgment was sustained by the weight of the evidence:
 Plaintiff testified that she hit her head on the dashboard of the car. She testified that after being interviewed by the emergency room physician she went to the bathroom at the hospital and discovered a chipped tooth but that she did not report this to the emergency room physician. The plaintiff further testified that four days later she had sharp edges of the tooth smoothed by a dentist and several months later had permanent repair done on the tooth.
 The defendant brought out on cross-examination that there was no evidence of any injury to the plaintiff's mouth or teeth noted in the emergency room records and that there was no testimony from the dentist that the work he performed on the chipped tooth was proximately related to the accident.
 There was other inconsistent testimony during the trial regarding when the plaintiff first began experiencing TMJ pain.
* * *
 The jury having heard all the evidence at trial and instructions of law and having weighed the evidence found for the defendant. The court does not find that the judgment was not sustained by the evidence.
Wendel now appeals asserting a single assignment of error:
 The trial court erred in overruling Plaintiff's motion for a new trial under Rule 59(A)(6) of the Ohio Rules of Civil Procedure.
 In a civil case, a trial court may grant a new trial if the judgment of the jury is not sustained by the weight of the evidence. Civ.R. 59(A)(6). When reviewing the jury's verdict, the trial court independently weighs the evidence and examines the credibility of the witnesses. See Osler v. City of Lorain (1986), 28 Ohio St.3d 345, 351, citing Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus. However, in its review, the trial court is only to determine whether the jury's verdict has shaped a manifest injustice and whether the verdict is against the manifest weight of the evidence. Id. If no such injustice is found, the trial court must deny the request for a new trial. Cf. Id.
A reviewing court can only reverse a trial court's order denying a motion for a new trial upon a finding of an abuse of discretion. Oakmanv. Wise (May 25, 2000), Hancock App. No. 5-2000-01, unreported. An "abuse of discretion" connotes more than an error in law or judgment; it implies that the attitude of the court is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Wendel argues that she presented uncontroverted evidence that she was injured during the accident with Hightower. However, as noted earlier, there was conflicting testimony as to whether Wendel chipped her tooth and developed headaches and TMJ as a result of the accident.[2]
Essentially, Wendel relies on the testimony of her family and herself to tie her injuries to the car accident with Hightower. However, the jury was free to disbelieve Wendel and her family as,
 it is a generally established rule that the credibility of the witnesses, or the extent of the credit due them, is a question for the determination of the jury upon all the competent facts and circumstances of the case before it.
 Cunningham v. Capo (1984), Hancock App. No. 5-83-10, unreported, quoting 44 Ohio Jur.3d 375, Evidence and Witnesses.
Given the conflicting evidence presented at trial, we cannot find that the trial court abused its discretion in denying a new trial based on the weight of the evidence. Accordingly, Wendel's assignment of error is overruled and the judgment of the trial court is affirmed.
[1] On February 17, 1999, the case against Grange Mutual was dismissed.
[2] Wendel concedes in her brief that there was conflicting evidence regarding her TMJ.