DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied plaintiff-appellant Sharon G. Laberdee's motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. From that judgment, Laberdee has assigned the following as error:
 {¶ 2} "The trial court erred to the prejudice of the plaintiffs [sic] when it denied the plaintiffs [sic] motion for a new trial and/or JNOV as the jury verdict was contrary to law."
 {¶ 3} On September 12, 1999, Laberdee was a driving school instructor with the Toledo Driving School. On that day, Laberdee's assignment was to pick up defendant-appellee, Andrew Masters, and accompany him as he completed the behind-the-wheel portion of his driving instruction. Masters drove a car supplied by Toledo Driving School and equipped with a passenger side brake. After Masters had been driving for approximately two hours, he was driving northbound on SR 578 just south of its intersection with US 24. As Masters approached US 24, Laberdee instructed him to cross over US 24 and continue on SR 578. Masters initially stopped at the stop sign on route 578. As he proceeded through the intersection, however, a semi-truck was heading eastbound on US 24 and collided with the car Masters was driving. Both Laberdee and Masters were injured in the accident.
 {¶ 4} On July 25, 2001, Laberdee filed an action in the court below against Masters, alleging that his negligence in failing to yield to oncoming traffic caused the accident which resulted in her injuries. In his answer, Masters asserted that as his driving instructor, Laberdee had her own brake pedal and that Laberdee's damages were caused in whole or in part by her inattention as a driving instructor and her failure to monitor Masters and apply her brake. Masters further asserted that Laberdee's negligence exceeded that, if any, of Masters and that Laberdee assumed the risk and/or was contributorily negligent in causing the accident.
 {¶ 5} The case proceeded to a jury trial at which Laberdee and Masters were the only witnesses to testify. At the conclusion of the trial, the court instructed the jury and presented the jury with special interrogatories. Upon deliberation, the jury returned a general verdict in favor of Masters. In answering the interrogatories, the jury responded "Yes" to the questions of whether Masters was negligent and whether Laberdee was also negligent. The jury next responded "No" to the interrogatory which asked whether Laberdee was negligent in failing to instruct Masters. Then, the jury responded "Yes" to the interrogatory which asked whether Laberdee was negligent in failing to use the other brake at the time of the accident. Finally, in apportioning fault, the jury concluded that Laberdee was 70 percent negligent and that Masters was 30 percent negligent. Accordingly, the jury signed the general verdict form finding for Masters.
 {¶ 6} Subsequently, Laberdee filed a motion for a judgment notwithstanding the verdict ("JNOV") or in the alternative a motion for a new trial. Laberdee argued that under Ohio law, she had no duty to use the brake and, therefore, Masters could not avoid liability for his negligence in causing the accident. On September 23, 2003, the trial court filed a judgment entry denying Laberdee's motions. It is from that judgment that Laberdee now appeals.
 {¶ 7} In her sole assignment of error, Laberdee asserts that the trial court erred in denying her motion for a JNOV or, in the alternative, for a new a trial. Laberdee contends that under Ohio law she had no duty to use the passenger side brake to prevent the collision and, accordingly, the jury's finding was contrary to law.
 {¶ 8} In reviewing the denial of a Civ.R. 50(B) motion for a JNOV, this court applies the same standard as that applied on a motion for a directed verdict. Osler v. Lorain (1986),28 Ohio St.3d 345, 347. The question presented is one of law; therefore, review of the motion does not entail a weighing of the evidence or an assessment of the credibility of the witnesses. Id. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record are construed most strongly in favor of the party against whom the motion is made, and where reasonable minds could, upon this evidence, reach different conclusions, the motion must be denied. Posin v. A.B.C. MotorCourt Hotel (1976), 45 Ohio St.2d 271, 275.
 {¶ 9} Laberdee relies on a case from this court in support of her argument that she had no duty to use the passenger side brake to avoid the accident. In Blade v. Superior Driving School
(Mar. 12, 1982), 6th Dist. No. E-81-48, a driver's education student sued the driving school for negligence in teaching the student how to drive after the student ran into a utility pole during her behind-the-wheel instruction. In part, the student sought to recover based on the instructor's failure to apply the passenger's side brake in time to avert the accident. At the trial, however, the court instructed the jury on the plaintiff's
 {¶ 10} contributory negligence and the jury returned a verdict for the defendants. Initially, we recognized that a driving instructor can be held liable for injuries caused by his negligent instruction. We further recognized, however, that a beginning driver cannot avoid liability for negligence by relying on an instructor to render assistance in avoiding danger and that a minor operating a car is held to the same standard of care as an adult. We then concluded that the trial court did not err in instructing the jury on the plaintiff's contributory negligence. In reaching this conclusion, however, we noted that "it is conceivable that the application of R.C. 2315.19 regarding comparative negligence will alleviate the harshness of this decision in the future." Accordingly, we recognized that under the newly enacted comparative negligence statute, the jury would be permitted to apportion the negligence between the driver and the driving instructor. However, because the comparative negligence statute was not in effect at the time of the accident in Blade, it did not apply to that case and the trial court did not err in refusing to instruct the jury on comparative negligence.
 {¶ 11} In the current case, however, the comparative negligence statute was in effect at the time of the accident and does apply to this case. That statute reads in relevant part:
 {¶ 12} "(A)(1) Contributory negligence or implied assumption of the risk of the complainant * * * may be asserted as an affirmative defense to a negligence claim.
 {¶ 13} "(2) Contributory negligence or implied assumption of the risk of a person does not bar the person * * * as complainant from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence or implied assumption of the risk of the complainant * * * was no greater than the combined negligence of all other persons from whom the complainant seeks recovery."
 {¶ 14} In filing his answer below, Masters asserted the defenses of contributory negligence and/or assumption of the risk by Laberdee's failure to monitor Masters and separately apply her brake. At the trial, evidence was presented that the car that Masters was driving was provided by Laberdee's employer and included a brake pedal on the front passenger's side. In addition, Laberdee testified that at the time of the accident she had been working approximately 72 hours per week at three different jobs. With regard to the accident, Laberdee testified that she did not see the truck prior to the accident. Finally, when asked if the accident could have been avoided if she had applied her brake, she responded that she did not know how to answer the question. In light of this evidence and the law as set forth above, reasonable minds could reach different conclusions as to whether Laberdee was contributorily negligent by failing to apply her brake. Accordingly, the trial court did not err in denying Laberdee's motion for JNOV.
 {¶ 15} With regard to her alternative motion for a new trial, Laberdee again asserts that the jury's verdict was contrary to law. When a party requests a new trial on the basis that the judgment was contrary to law pursuant to Civ.R. 59(A)(7), the question presented is one of law, not abuse of discretion, and the appellate court has the duty to decide
 {¶ 16} whether, as a matter of law, the trial court erred in its denial of the motion. O'Day v. Webb (1972),29 Ohio St.2d 215, paragraph one of the syllabus. See, also, Pangle v. Joyce
(1996), 76 Ohio St.3d 389.
 {¶ 17} Laberdee's argument that the verdict was contrary to law is based on the same ground on which she based her motion for JNOV — that she could not be contributorily negligent as a matter of law. As we have rejected this argument above, we need not further address it here and find that the trial court did not err in denying Laberdee's motion for a new trial.
 {¶ 18} The sole assignment of error is therefore not well taken.
 {¶ 19} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Lanzinger, J., Concur.