DECISION AND JUDGMENT ENTRY
{¶ 1} Gayle Price ("Appellant") appeals the judgment of the Meigs County Court of Common Pleas awarding Mildred Krider ("Appellee") a $233,000.00 judgment due to the Appellant's negligence in causing an automobile accident affecting both parties. The Appellant advances five arguments in support of his position: (1) the trial court erred when it denied his motion for a new trial; (2) the trial court erred when it granted the Appellee's motion for prejudgment interest; (3) the trial court erred when it instructed the jury on future medical treatment for the Appellee; (4) the judgment is against the manifest weight of the evidence; and (5) the trial *Page 2 
court erred when it failed to order a remittitur. Because we find that the trial court did not err when it denied the Appellant's motion for a new trial, granted the Appellee's motion for prejudgment interest, and instructed the jury on future medical treatment for the Appellee, we overrule the Appellant's first three assignments of error. Likewise, because we find that the trial court's judgment was not against the manifest weight of the evidence, and that it did not err when it failed to order a remittitur, we overrule its fourth and fifth assignments of error, and accordingly affirm its judgment. However, we do find the jury award to be excessive in light of the evidence below of medical expenses. We reverse and remand with instructions for the trial court to reduce the total judgment by the sum of $17,239.03 and enter the same on the record.
 I. Facts {¶ 2} The Appellant and the Appellee were involved in an automobile accident on August 31, 2001. At a trial on the matter, the Appellant, through counsel, admitted his negligence in causing the accident and further admitted that the Appellee suffered injuries as a result of said accident. The issues tried at the trial included: (1) the extent of the injuries the Appellee suffered as a result of the accident; and (2) the sum of money that would fully and fairly compensate the Appellee for such injuries. The Appellant's only *Page 3 
objection throughout the course of the trial pertained to the relatedness of the Appellee's potential future back surgery to the accident involving the parties.
 {¶ 3} At the conclusion of the trial, the jury reached a verdict in the amount of $233,000.00 to compensate the Appellee for her injuries. The jury broke the judgment down into several components, as follows:
CHARACTERIZATION OF DAMAGES AMOUNT
Past and present pain and suffering, $42,000.00 and loss of amenities of life Past medical bills $100,000.00 Future pain and suffering, and $22,000.00 loss of amenities of life Future medical bills $44,000.00 Loss of quality of life $25,000.00TOTAL: $233,000.00
 {¶ 4} In the wake of the jury verdict, the Appellant filed a motion for a new trial. The Appellee also filed a motion for prejudgment interest. The trial court subsequently granted the Appellee's motion for prejudgment interest and denied the Appellant's motion for a new trial. The Appellant now appeals these judgments, as well as the initial damage award, asserting the following assignments of error:
 {¶ 5} 1. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO GRANT A NEW TRIAL.
 {¶ 6} 2. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING APPELLEE'S MOTION FOR PREJUDGMENT INTEREST. *Page 4 
 {¶ 7} 3. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY INSTRUCTING THE JURY ON FUTURE MEDICAL TREATMENT.
 {¶ 8} 4. THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} 5. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO ORDER A REMITTITUR.
 II. Argument A. Denial of Motion for New Trial {¶ 10} In his first assignment of error, the Appellant contends that the trial court erred when it denied his motion for a new trial. Specifically, he contends that he is entitled to a new trial pursuant the grounds enumerated in Civ.R. 59(A)(1), (4), and (6). Civ.R. 59(A) provides, in pertinent part:
 "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 * * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 * * *
 (6) The judgment is not sustained by the weight of the evidence * * *[.]" *Page 5 
 (1) Future Medical Expenses {¶ 11} The Appellant claims that the trial court erred when it permitted the jury to consider future medical expenses when appropriate expert testimony was not offered by the Appellee in support of the same. Thus, he claims that the trial court should have granted a new trial under Civ.R. 59(A)(1), citing irregularity in the trial court's instruction concerning future medical expenses. In his third assignment of error, the Appellant also contends that the trial court erred by instructing the jury on future medical treatment for the Appellee. We consider these arguments jointly. Although the Appellant presently protests the trial court's action permitting the jury to consider future medical expenses, he did not object to any of the jury instructions at the time of trial. Thus, he has waived the issue for purposes of review. See Sulfridge v. Piatt (Dec. 26, 2001), Adams App. No. 00CA695,2001 WL 1764391, at *5, citing Stores Realty Co. v. Cleveland,41 Ohio St.2d at 41, 322 N.E.2d at 629 ("[a]n appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court[.]"). Accordingly, we overrule the irregularity of the proceedings portion of the Appellant's first assignment of error, as well as his third assignment of error. *Page 6 
 (2) Excessive Damages {¶ 12} Next, the Appellant claims that the jury awarded excessive damages which were given under the influence of passion or prejudice. Thus, the Appellant asserts that the trial court erred when it denied his Civ.R. 59(A)(4) motion for a new trial. A trial court is vested with broad discretion in deciding whether to order a new trial based on excessive or inadequate damages, and a reviewing court cannot reverse the trial court's decision absent an abuse of that discretion. SeeOsier v. Lorain (1986), 28 Ohio St.3d 345, 351, 504 N.E.2d 19.
 {¶ 13} The Appellant's argument on the passion or prejudice of the jury focuses on its award of $100,000.00 for past medical expenses incurred by the Appellee, rather than the $82,760.97 in past medical expenses that she presented to the jury. The Appellant cites the additional award of $17,239.03 as proof that the jury extended that portion of the verdict under the influence of passion or prejudice. InSexton v. Sexton (Jan. 27, 1987), Jackson App. No. 531, 1987 WL 5747, at *2, we stated, "[i]t is axiomatic that courts of review will not disturb jury verdicts in cases in which the jury was called upon to exercise discretion, and in which the jury award appears to be the result of calm and cool judgment." *Page 7 
 {¶ 14} As the Appellee's counsel noted before the jury at trial, the latest date of treatment listed on Exhibit B, which included the majority of the medical bills the Appellee accrued after the accident, was May 11, 2004, nearly a year before the trial. At that point, the Appellant had accrued only the $82,760.97 in medical bills listed in Exhibit B. As these medical bills were the only expenses presented to the jury, it was inappropriate for the jury to extend its award beyond those expenses. In light of this additional damage award, we determine that the proper course of action for the trial court was to reduce the damage award to the Appellee by $17,239.03, in order to appropriately reflect the damages the Appellee submitted to the jury.[1]
Accordingly, we affirm the Appellant's assignment of error in part, but do not find that a new trial under Civ.R. 59(A)(4) is appropriate.
 (3) Weight of the Evidence {¶ 15} The Appellant also claims in his first assignment of error that the trial court erred when it denied his motion for a new trial under Civ.R. 59(A)(6), which permits a new trial when the judgment is not sustained by the weight of the evidence. Additionally, in his fourth assignment of error, *Page 8 
the Appellant asserts that the trial court's judgment is against the manifest weight of the evidence. We will consider these arguments jointly. An appellate court will not reverse the decision of a trial court as against the manifest weight of the evidence if the trial court's decision is supported by any competent, credible evidence which goes to all the essential elements of the case. Security Pacific Natl.Bank v. Roulette (1986), 24 Ohio St.3d 17, 20, 492 N.E.2d 438; C.E.Morris Constr. Co. v. Foley Constr. Co. 1978), 54 Ohio St.2d 279, 280,376 N.E.2d 578. Under this highly deferential standard of review, a reviewing court does not decide whether it would have come to the same conclusion as the jury or trial court. Rather, a reviewing court is required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. Knisley v. Knauff (Oct. 2, 1996), Pike App. No. 95CA559, 1996 WL 571484, at *2.
 {¶ 16} The Appellant contends that trial court's judgment is against the manifest weight of the evidence. Upon reviewing the medical records, volumes of testimony, and transcripts submitted in this case, we find that the trial court's judgment is, in fact, supported by the manifest weight of the evidence. First, the medical records created immediately following the accident refer to injuries to the Appellee's knees. Second, from the date of *Page 9 
the accident until her complete knee replacement on July 7, 2003, there are approximately twenty two medical records referring to knee problems or treatment. The Appellee's general physician, Dr. M.C. Shah, detailed in an April 3, 2002 patient history, "[T]his 63-year old white female [has] a history of injury of the neck, shoulder, and knee after having been hit by a car * * *[.]" This account emphasizes that the genesis of the Appellee's injuries was the accident with the Appellant. Accordingly, we overrule the Appellant's first and fourth assignments of error.
 {¶ 17} Additionally, Dr. Robert McCleary, the orthopedic surgeon who treated the Appellee for her knee problems following the accident, and performed her left knee replacement, testified to a reasonable medical probability that the Appellee would not have suffered the debilitating injuries, medical treatments, and surgical treatments if the accident with the Appellant had not happened. From these facts, we find that there is some evidence from which the trier of fact could have reached its ultimate factual conclusions. We therefore find that the trial court did not abuse its discretion when it denied the Appellant's motion for a new trial under Civ.R. 59(A)(6).
 B. Prejudgment Interest *Page 10 {¶ 18} In his second assignment of error, the Appellant asserts that the trial court erred when it granted the Appellee's motion for prejudgment interest. In reviewing a motion for prejudgment interest, a party has not "failed to make a good faith effort to settle" under R.C.1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. Kalain v. Smith (1986), 25 Ohio St.3d 157,159, 495 N.E.2d 572. The decision as to whether a party's settlement efforts indicate good faith is generally within the sound discretion of the trial court. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87, 482 N.E.2d 1248. When considering a trial court's decision on a motion for prejudgment interest, an appellate court's duty is to determine whether the trial court abused its discretion.Kalain, supra, at 159.
 {¶ 19} The first and third categories for review underKalain, supra, which involve cooperation in discovery proceedings and unnecessarily delaying proceedings, are not at issue in the case sub judice. Rather, the Appellant contends that he rationally evaluated his risks and potential liability, under the second prong of theKalain test, and that he made a good faith settlement offer to the Appellee under the fourth prong of the test. The *Page 11 
trial court determined that the Appellant had not complied with prongs two and four, and required the Appellant to pay prejudgment interest to the Appellee.
 {¶ 20} We will discuss prongs two and four of the Kalain test jointly. The Appellant contends that he rationally evaluated his risks and potential liability to the Appellee, and that he made a good faith settlement offer to the Appellee prior to trial. The Appellant admitted liability in causing the accident, in addition to admitting that the Appellee suffered at least some injuries related to the accident. From these admissions, it is clear that the Appellee was entitled to some amount of monetary damages from the Appellant. The Appellee presented approximately $82,000.00 in medical bills. This significant amount comes close to the policy limits in this case, which were $100,000.00. From this fact, the Appellant should have appreciated the potential for a jury award exceeding those limits. The Appellant's insurance company, however, made an offer in the nominal amount of $12,000.00. The Appellee's medical bills alone amounted to nearly seven times the amount of the settlement offer.
 {¶ 21} Additionally, the casualty adjuster for the Appellant's insurance company testified, in a deposition, that she was aware of Dr. McCleary's opinion that the Appellee's knee surgery was related to the accident, and of *Page 12 
his opinion that the Appellee would require future back surgery to correct the injuries caused by the accident. She also testified that she did not include any of Dr. McCleary's treatment of the Appellee's knees or back in her evaluation of the Appellee's claim, but acknowledged that the value of the claim would have increased substantially had she included these treatments. She also testified that she did not read the depositions of Dr. McCleary or Dr. Rao, who was hired by the Appellant to review the Appellee's medical records, but that she relied "very heavily" on Dr. Rao's opinion in evaluating the claim. This testimony shows that the Appellant's insurance company, and thus, the Appellant, did not rationally evaluate his risks and potential liability to the Appellee, and that he did not make a good faith settlement offer to the Appellee. As such, the trial court did not abuse its discretion when it granted the Appellee's motion for prejudgment interest. We accordingly overrule the Appellant's second assignment of error.
 C. Remittitur {¶ 22} Finally, the Appellant contends that the trial court erred when it failed to order a remittitur. When a court deems a damage award excessive in an action for unliquidated damages, but determines that it is not the result of passion or prejudice, a trial court has the power to render judgment for an *Page 13 
amount less than the jury's verdict only with the consent of the prevailing party. Wightman v. Consol. Rail Corp. (1999),86 Ohio St.3d 431, 444, 715 N.E.2d 546. A plaintiff accepts this reduction of her damage award, or remittitur, in lieu of a new trial. Id. The essence of remittitur is that the plaintiff voluntarily gives back, or remits, part of the damages awarded by the jury in order to avoid a new trial.Iron R. Co. v. Mowery (1881), 36 Ohio St. 418, 423, 1881 WL 14.
 {¶ 23} Despite the fact that the Appellant alluded to the possibility of remittitur in the event that the trial court denied its motion for a new trial at a hearing on the same, the Appellant never formally requested a remittitur in the case sub judice. As such, the trial court had nothing to pass upon. We therefore may not properly consider the Appellant's fifth assignment of error.
 III. Conclusion {¶ 24} In our view, the trial court did not err when it denied the Appellant's motion for a new trial, granted the Appellee's motion for prejudgment interest, and instructed the jury on the Appellee's future medical expenses. Likewise, we do not find that the trial court erred when it failed to order a remittitur. We also do not believe that the trial court's judgment was unsupported by the manifest weight of the evidence. We do, *Page 14 
however, find fault with the trial court's additional $17,239.03 damage award, and accordingly remand the case to the trial court with instructions to enter judgment in the amount consistent with this opinion. The Cross-Appeal is dismissed herein.
JUDGMENT AFFIRMED IN PART, REVERSED AND REMANDED IN PART, CROSS-APPEALDISMISSED. *Page 15 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED AND REMANDED IN PART and that the Appellee/Cross-Appellant and the Appellant/Cross-Appellee split the costs herein taxed. Further, the Cross-Appeal is dismissed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.
[1] We note with careful attention the Appellee's oral argument, in which counsel stated a reduction in the jury's damage award would be an acceptable resolution to the matter in the event that we found the award excessive. It was also suggested in Appellee's brief on pages 17 and 32. As such, we feel that the interests of justice, as well as judicial economy, warrant the reduction, and that it is the proper resolution to the excessive award. *Page 1