JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Scott Haver ("Haver"), appeals from the trial court's decision that granted plaintiffs-appellees' Willie and Carolyn Lofton Humphries ("Willie" and "Carolyn")("collectively referred to as "appellees") joint motion for a new trial following a defense verdict on each of their claims against him. For the reasons that follow, we affirm and remand.
 {¶ 2} This lawsuit involves an automobile collision. Immediately preceding the accident, Willie had turned his vehicle right while Haver had turned his vehicle left onto East 22nd Street. Carolyn was a passenger in Willie's vehicle.
 {¶ 3} Carolyn commenced a lawsuit against both Willie and Haver, in which Willie filed a cross-claim against Haver.[1] Willie commenced a separate action against Haver. Haver's motion to consolidate the cases was granted and the matter proceeded to a jury trial.
 {¶ 4} It is undisputed that the collision occurred in March 2003 on East 22nd Street in Cleveland, Ohio. Humphries and Haver both turned onto East 22nd from opposite directions. Humphries was westbound on Central and stopped behind another car at a red traffic light. At the same time, Haver was exiting the inner belt from the eastbound ramp opposite Humphries in one of two left turning lanes. Haver did not notice Humphries' vehicle until after he turned left. Haver's vehicle collided into the left rear side of Humphries' vehicle. *Page 3 
 {¶ 5} Haver testified that he was aware of the laws, which require those making left hand turns to yield the right of way to oncoming traffic. Humphries stated that he did not stay in the far right lane of East 22nd Street due to the presence of parked cars. The parties all testified that there were vehicles parked in the right hand lane of East 22nd Street. However, the testimony conflicts as to how far down the street, and beyond the intersection, these particular vehicles were located.
 {¶ 6} The trial court instructed the jury, which advised:
 {¶ 7} "Now we have two Plaintiffs in this case, one who was driving and one who was not. The one who was driving is charged with contributory negligence by the other driver. You had to decide that question. His wife was not driving and she cannot be charged with negligence.
 {¶ 8} "So you have to decide this case separately * * *."
 {¶ 9} Humphries maintained that Haver's failure to yield the right of way caused the accident while Haver claimed it was Humphries' failure to turn into the closest curb lane that caused the accident. The jury was not instructed as to the statutory law in either regard as contained in R.C. 4511.36(A)(1) and R.C. 4511.42.
 {¶ 10} The jury returned a defense verdict.
 {¶ 11} Appellees filed a joint motion for new trial pursuant to Civ.R. 59(A)(6) and (7), arguing that the jury verdict was not supported by the weight of the evidence and that it was contrary to law. The trial court granted the motion and it is from this *Page 4 
decision that Haver now appeals and asserts a sole assignment of error for our review.
 {¶ 12} "I. The trial court committed error in granting plaintiffs' joint motion for a new trial."
 {¶ 13} In a recent decision, the Ohio Supreme Court reiterated the standard we are to employ in reviewing a trial court's decision that grants a motion for new trial, which states:
 {¶ 14} "Where in the exercise of discretion a trial court decides to grant a new trial and that decision is supported by competent, credible evidence, a reviewing court must defer to the trial court. In such a case, the reviewing court may not independently assess whether the verdict was supported by the evidence, because the issue is not whetherthe verdict in [sic] supported by competent, credible evidence, butrather whether the court's decision to grant the new trial is supportedby competent, credible evidence." Harris v. Mt. Sinai Med. Ctr,116 Ohio St.3d 139, 2007-Ohio-5587, emphasis added.[2]
 {¶ 15} This standard applies to appellate review of a trial court's decision to grant a new trial on the grounds that the jury's verdict was against the manifest *Page 5 
weight of the evidence. Osler v. City of Lorain (1986),28 Ohio St.3d 345, 351. In Osler, the Ohio Supreme Court sustained the lower court's decision that granted a new trial on that basis and reasoned: "In ruling on a motion for a new trial, the trial court is afforded wide discretion in determining whether a jury's verdict is against the weight of the evidence, for the court must ensure, in its supervisory capacity, against a miscarriage of justice." Id., citing Rhode v. Farmer (1970),23 Ohio St.2d 82, 91-93 [other citation omitted]. "The trial court may examine the sufficiency of the evidence in so doing * * * where the trial court's decision on the motion for a new trial involves questions of fact, as in this case, our task as a reviewing court is to `view the evidence favorably to the trial court's action rather than to the jury's verdict.'" Id., quoting Jenkins v. Krieger (1981), 67 Ohio St.2d 314,320.
 {¶ 16} In this case, the trial court granted appellees' motion for a new trial because it found the jury's verdict was not supported by the weight of the evidence and was contrary to law.
 {¶ 17} The trial court properly detailed the evidence, which included that Haver did not yield the right of way. The trial court noted that Haver struck the rear side of Humphries' vehicle and that the evidence included testimony that vehicles were parked in the northern curb lane of East 22nd Street. The trial court also referenced the brevity of the jury's deliberations and the return of a defense verdict even in the case of Carolyn, who was a passenger and not alleged by any party to have contributed to the cause of the accident. *Page 6 
 {¶ 18} There is competent, credible evidence that supports the trial court's decision to grant a new trial in this case. Particularly, both appellees and the Haver testified that there were cars parked ahead in the curb lane of the street onto which Humphries made his right-hand turn; the only dispute was over how far down the street they were parked.[3]
 {¶ 19} R.C. 4511.42 requires drivers who are making left-hand turns to yield the right of way to vehicles approaching from the opposite direction. It is undisputed that Humphries was stopped at a red light behind another vehicle and heading in the opposite direction from Haver. Humphries was turning right and Haver was turning left. The light turned green and the car in front of Humphries turned left and then Humphries made a right-hand turn. Haver turned left and then collided into Humphries' vehicle. Haver testified that he did not even see Humphries' vehicle until after he had turned left.
 {¶ 20} While R.C. 4511.36(A)(1) provides that "the driver of a vehicle intending to turn at an intersection shall be governed by the following rules * * * [A]pproach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway," that did not alleviate Haver of his duty to yield the right of way. There is competent, credible evidence to support the trial court's decision granting appellees' motion for a new trial. Therefore, the trial court did not abuse its discretion and the sole assignment of error is overruled. *Page 7 
 {¶ 21} Judgment affirmed and cause remanded for further proceedings.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., CONCURS CHRISTINE T. McMONAGLE, J., DISSENTS (SEE SEPARATE DISSENTING OPINION)
[1] According to Carolyn, she settled her claims against Willie prior to trial.
[2] At issue in Harris was this Court's reversal of the trial court's decision granting a motion for new trial. In the appellate opinion this Court based its decision on its finding, "that the jury verdict in this case was supported by substantial, competent, credible evidence; thus, we find error in the trial court's decision to order a new trial."McLeod v. Mt. Sinai Med. Ctr., 166 Ohio App.3d 647, 655, 2006-Ohio-2206, ]}28. The Ohio Supreme Court reversed this Court on the basis that we had employed the wrong standard of review.
[3] E.g., see, Tr. at pp. 118, 137, 142.