OPINION
Plaintiffs-appellants appeal the trial court's decision in favor of defendants-appellees in a medical malpractice claim. We affirm the decision of the trial court.
On December 10, 1999, Dr. Jesus Hontanosas, a surgeon, performed hernia repair surgery on Carrie Flowers. After the surgery, Flowers was admitted to the hospital for observation. While in the hospital, she began to have blood in the stool. Dr. Hontanosas asked Dr. Arcot Bhaskar, a gastroenterologist, to examine her. After an examination and x-ray, Dr. Bhaskar performed a colonoscopy on Flowers to determine the cause of the bleeding. The procedure became difficult and was discontinued. Shortly after the procedure, Flowers complained of pain. Dr. Bhaskar ordered another x-ray. This x-ray showed the presence of free air, an indication of a bowel perforation.
Dr. Bhaskar contacted Dr. Hontanosas and the physicians discussed the situation. Dr. Hontanosas decided to treat Flowers' condition conservatively. Her condition continued to deteriorate and Dr. Hontanosas performed bowel repair surgery. Flowers died the next day of sepsis and multiple organ failure.
Flowers' daughter, Rena Nash, filed a complaint individually and as administratrix of Flowers' estate, and on behalf of Flowers' husband and surviving siblings. The complaint alleged that both Dr. Hontanosas and Dr. Bhaskar committed medical malpractice. At a jury trial, appellants presented expert witnesses who testified that the medical standard of care for a perforated bowel involves surgery soon after the perforation occurs. These experts also testified that there are other medical tests and procedures in addition to x-rays that can be used to diagnose a perforated bowel. Appellants' experts testified that Dr. Bhaskar and Dr. Hontanosas both departed from the medical standard of care.
Dr. Bhaskar testified that other tests and procedures were not necessary in this case and that he met the standard of care by consulting with Dr. Hontanosas about the possible perforation. He testified that the decision to perform surgery is the responsibility of the surgeon.
Dr. Hontanosas testified that he did not immediately perform bowel repair surgery for several reasons. First, Flowers had several medical conditions that made surgery at that time risky. In 1996, she had problems with adhesions, or scar tissue, in her stomach and Dr. Hontanosas performed surgery at that time to remove the tissue. Dr. Hontanosas testified that, when he performed the hernia operation, the scar tissue had increased and Flowers' organs were all matted together and attached. He indicated that further surgery would be complicated by this condition. In addition, because of this condition, he felt that any problems from a perforation would be contained to a small area since the scar tissue created a wall, sealing off any leakage. Dr. Hontanosas also testified that Flowers was receiving antibiotics and her colon had been well-prepared for surgery and this created less risk of infection. Dr. Hontanosas testified that after beginning conservative treatment Flowers stated that she was feeling better and in less pain, and her condition initially appeared to be improving.
Dr. Jeffrey Donohoo, Flowers' family physician, testified that he was treating Flowers for a serious diabetic condition and hypertension, and that she was being treated by a pulmonary specialist for asthma and pulmonary sarcoidosis. He indicated that Flowers also had heart and liver problems. Dr. Donohoo stated that although Flowers was approved for the hernia surgery, these conditions created risk factors for any complications that occurred as a result of surgery.
Dr. Michael Jones, a gastroenterologist, testified that the standard of care includes a surgical consultation, and that Dr. Bhaskar met this standard by consulting with Dr. Hontanosas. He stated that additional diagnostic studies were not necessary in this case.
Dr. Janice Rafferty, a colon and rectal surgeon, testified that Dr. Hontanosas' decision not to immediately operate was within permissible and acceptable standards. She indicated that the medical records showed the physicians carefully considered and reconsidered their options several times throughout the course of treatment. She testified that Flowers' scar tissue, which she described as a frozen pelvis, is a condition that worries a surgeon more than almost anything else. She said operative reports substantiate Dr. Hontanosas' determination that the bowel perforation was sealed off in one area of the pelvis and that the perforation was small.
After deliberations, the jury found that Dr. Hontanosas and Dr. Bhaskar did not commit malpractice in their treatment of Flowers. Appellants filed motions for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court overruled the motions. Appellants now appeal the trial court's decision and raise four assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW MEDICAL EXPERTS TO TESTIFY ABOUT SPECIFIC STANDARD OF CARE.
In their first assignment of error, appellants contend that the trial court erred by prohibiting specific testimony from their medical expert in two separate instances. Dr. Douglas Rex, a gastroenterologist, testified that Dr. Hontanosas and Dr. Bhaskar deviated from the standard of care in their examination, treatment, diagnostic testing and failure to timely perform bowel repair surgery.
Appellants first argue that the trial court erred by not allowing Dr. Rex to testify regarding the length of time, in his experience, that it took for patients with perforated bowels to be taken to surgery. Appellants argue that this testimony would have supported Dr. Rex's testimony that surgery should be performed immediately.
The decision to admit or exclude evidence rests in the sound discretion of the court. Wightman v. Consolidated Rail Corp. (1999),86 Ohio St.3d 431, 437. On appeal, that decision will not be disturbed absent an abuse of that discretion that materially prejudices a party.Kirschbaum v. Dillon (1991), 58 Ohio St.3d 58 . On direct examination, Dr. Rex testified that it is important that a patient with a perforated bowel be taken to surgery as soon as possible. On redirect questioning, Dr. Rex testified about his own experience in treating patients with bowel perforations. The following exchange took place between appellants' counsel and Dr. Rex:
Q: How were those patients treated?
A: They were treated operatively.
Q: In what period of time?
 A: As soon as they could — as soon as the diagnosis was made and they could go to the operating room.
* * *
Q: How soon were they taken to surgery?
Mr. Goldberg (counsel for Dr. Bhaskar):
 Objection, Your Honor. We can talk about these other cases, but how does that bear on any issue in this case? He could have done this correctly, incorrectly, but it doesn't talk about these defendants.
We find that the trial court did not abuse its discretion by sustaining this objection. Dr. Rex was permitted to testify on direct examination that a patient with a perforated bowel should be taken to surgery as soon as possible. He was allowed to testify on redirect that his patients were taken to surgery as soon as they were diagnosed and could go to the operating room. Accordingly, appellants were not prejudiced by the exclusion of further testimony on the issue of how long it took for Dr. Rex's patients to be taken to surgery.
Appellants also argue that the trial court erred by not allowing Dr. Rex to comment on the medical records and his interpretation as to Flowers' condition. Appellants argue that this limitation of testimony prohibited them from developing key expert support for the standard of care. On direct examination, Dr. Rex was permitted to testify in extensive detail regarding his review of Flowers' medical records. Dr. Rex went through the medical records chronologically and discussed what the records stated. As he testified, Dr. Rex was permitted to discuss his interpretation of the evidence based on the records.
On redirect examination, the trial court sustained an objection to questioning regarding notations in Flowers' medical records which were written by another person who was not a party to the malpractice suit. The notation indicated that Flowers became distended during the colonoscopy, and counsel attempted to ask Dr. Rex if that notation gave an indication of when the perforation occurred. Appellants argue that by limiting this testimony they were prohibited from developing expert opinions that Dr. Bhaskar breached his duty of care to communicate to Dr. Hontanosas that a perforation existed.
However, as mentioned above, appellants were able to question Dr. Rex on direct regarding the medical records and his expert opinion regarding these records. He specifically testified that the records indicated that Flowers became distended after the colonoscopy. In addition, Dr. Rex was able to testify on direct that Dr. Bhaskar failed to not only diagnose the perforation, but to "direct and advise the treatment of those complications." Thus, because appellants were not prohibited from developing evidence that the perforation occurred during the colonoscopy and that Dr. Bhaskar failed to communicate this information, we find that appellants were not prejudiced by the exclusion of this testimony. Appellants' first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS WHEN IT FAILED TO PERMIT TESTIMONY SHOWING DEFENDANTS' LACK OF CREDIBILITY AND EXPERTISE.
In the second assignment of error, appellants contend that the trial court erred by not allowing counsel to cross-examine both Dr. Hontanosas and Dr. Bhaskar regarding their failure to pass their board examinations on the first attempt. Dr. Hontanosas testified that he is board certified in the subspecialty of surgery. Counsel for appellants attempted to cross-examine the physician regarding failure of his board examination on the first attempt. The trial court sustained an objection to this line of questioning. Despite the trial court's ruling on this issue, counsel for appellants attempted to question Dr. Bhaskar on the same issue. The trial court again sustained the objection and admonished counsel that the question was improper.
On appeal, appellants argue that failure to allow this line of questioning was error because the questions went to the physicians' credibility and expertise. We disagree. The issue at trial was whether or not the physicians breached the standard of care. Drs. Hontanosas and Bhaskar do not lack expertise nor are they less worthy of belief because they may have failed their exams on the first try. See Keller v.Bacevice (Nov. 30, 1994), Lorain App. No. 94CA005812, unreported;Johnston v. University Mednet (Aug. 11, 1994), Cuyahoga App. No. 65623, unreported. Accordingly, appellants' second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFFS' JNOV MOTION AND/OR MOTION FOR A NEW TRIAL ON THE ISSUE OF DEFENDANT'S NEGLIGENCE INASMUCH AS THE RECORD DOES NOT CONTAIN SUBSTANTIAL COMPETENT OR PROBATIVE EVIDENCE UPON WHICH THE JURY COULD HAVE BASED ITS VERDICT, AND THE VERDICTS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONSTITUTE A MANIFEST INJUSTICE.
In their third assignment of error, appellants contend that the trial court erred in overruling their motion for judgment notwithstanding the verdict. Motions for judgments notwithstanding the verdict are governed by Civ.R. 50(B). The standard for granting such a motion is the same as the standard for a motion for a directed verdict. Nickell v. Gonzalez
(1985), 17 Ohio St.3d 136, 137, citing Ayers v. Woodward (1957),166 Ohio St. 138, paragraph one of the syllabus. In considering a judgment notwithstanding the verdict, the evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made. Osler v. Lorain (1986), 28 Ohio St.3d 345, 347. Where there is substantial, competent evidence upon which reasonable minds may reach different conclusions, the motion must be denied. Id. "Neitherthe weight of the evidence nor the credibility of the witnesses is forthe court's determination * * *." Id. quoting Posin v. A.B.C. Motor CourtHotel (1976), 45 Ohio St.2d 271, 275. (Emphasis in original.)
Appellants argue that based on the evidence presented at trial, the jury could have only drawn the conclusion that Dr. Hontanosas and Dr. Bhaskar departed from the standard of care. However, as mentioned above, there was also testimony presented at trial that the physicians' conduct was within the acceptable standard of care. Thus, the trial court did not err in denying the motion for judgment notwithstanding the verdict.
Appellants also argue that, in the alternative, the trial court should have granted their motion for a new trial. Civ.R. 59 provides that a new trial may be granted based upon any of nine distinct grounds. Pursuant to Civ.R. 59(A)(6), a new trial may be granted when "the judgment is not sustained by the weight of the evidence." A trial court is vested with broad discretion in determining whether a jury verdict is against the manifest weight of the evidence. Osler v. Lorain (1986),28 Ohio St.3d 345, 351. Absent an abuse of discretion, a trial court's ruling on a motion for a new trial based upon the weight of the evidence will not be overturned. Antal v. Olde Worlde Prod., Inc. (1984),9 Ohio St.3d 144, 145. When a jury's award is supported by some competent, credible evidence supporting the essential elements of the case, that award will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 280.
Again, appellants argue that even when considering credibility, the evidence shows that the perforation should have been diagnosed and surgery should have been performed immediately and, thus, Dr. Hontanosas and Dr. Bhaskar failed to meet the standard of care. However, Dr. Jones and Dr. Rafferty both testified that the physicians' decisions were within the acceptable standard of care. The testimony indicated that additional tests were not necessary, that the physicians consulted several times regarding Flowers' condition and that there are cases where it is appropriate to treat a perforated bowel without surgery. Thus, there is competent, credible evidence to support the jury's verdict. Appellants' third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT FAILED TO GIVE AN INSTRUCTION ON ERROR OF JUDGMENT OR, IN THE ALTERNATIVE, INCORRECTLY GAVE AN INSTRUCTION ON ALTERNATE METHODS.
In the fourth assignment of error, appellants contend that the trial court erred by failing to give an instruction on "honest error in judgment" and incorrectly gave an instruction on alternate methods. Appellants requested the following jury instruction on honest error in judgment:
 A physician is not absolved from legal liability for his errors simply because he was exercising his "best clinical judgment" at the time. Rather, a physician can be exercising his best clinical judgment and still be negligent. A so-called "honest error in judgment" does not excuse medical care that falls below accepted standards.
Furthermore, the mere fact that a physician used a "customary, usual or routine" method does not prove that he complied with the standard of care.
The trial court considered appellants' proposed jury instruction and offered to give a jury instruction on "honest error in judgment" as approved in Faber v. Syed (July 7, 1994), Cuyahoga App. No. 65359, unreported, 1994 WL 326151 at *4-5. The court's proposed instruction stated:
 A physician is not liable for what is commonly called "an honest error or mistake in judgment," unless he was negligent as I have defined that term for you. A physician is not liable if he selects one of several generally approved procedures, diagnoses or courses of treatment, even if the one that he selects turns out to be wrong or not one favored by other physicians.
Counsel for appellants objected to the trial court's proposed instruction. The trial court explained to counsel that the instruction was only restating what was in appellants' proposed instruction. Counsel responded, "I think the way that we have cited it in the cases that we have cited to support it indicates that, even though he was using his best judgment at the time, doesn't mean he automatically gets off the hook if that is substandard care." Counsel for Dr. Bhaskar agreed that the statement of law was accurate, but that the trial court's instruction did in fact discuss the correct standard. Counsel for appellants again disagreed.
The trial court responded, "[w]hat it does is it puts it in a context where it's clear that the burden of proof is still on the plaintiff. And I will give this form that was approved in Faber v. Syed, if the plaintiffs want me to do that. Otherwise, I will not give either instruction." Counsel for appellants responded that she would rather the court not give either instruction. Neither instruction was given.
Appellants' proposed jury instruction was based on Kurzner v. Sanders
(1993), 89 Ohio App.3d 674. In Kurzner, the court found that language in a jury instruction on "error in judgment" was prejudicial because it changed the applicable standard of care from an objective one to a subjective one. Id. at 679-80. However, in Faber v. Syed, the case referred to by the trial court, the court found that when the "honest error" instruction was read in the context of the entire jury instructions, the standard was not changed from objective to subjective. The Faber court distinguished the Kurzner case and noted that while theKurzner court stated that a "doctor can indeed be exercising his best clinical judgment and still be negligent," the instruction before it acknowledged that fact.
Generally, the trial court should give jury instructions requested by the parties if they are correct statements of law applicable to the facts of the case and reasonable minds might reach the conclusion sought by the instructions. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585,591. However, the court is not required to give a proposed instruction in the precise language requested by its proponent, even if it properly states an applicable rule of law. Youssef v. Parr, Inc. (1990),69 Ohio App.3d 679, 690. "Instead, the court has the discretion to use its own language to communicate the same legal principles." Henderson v.Spring Run Allotment (1994), 99 Ohio App.3d 633, 638.
Appellants wanted the trial court to instruct the jury that a physician can be exercising his best judgment and still be negligent. Appellants now argue that without this instruction, the jury instructions violated the objective standard of care required by Bruni v. Tatsumi (1976),46 Ohio St.2d 127. We disagree. The instruction offered by the trial court stated the applicable standard, but made it clear that the burden of proof was still on the plaintiff to show negligence. Appellants refused this instruction because the court would not instruct the jury using the language in appellants' proposed instruction. Accordingly, we find that the trial court did not abuse its discretion by not giving appellants' instruction verbatim and instead offering to give an instruction on "honest error in judgment" as approved in Faber v. Syed.
Appellants also argue that the trial court erred in giving a jury instruction on alternate methods because "no such evidence was presented to warrant such instruction." In their appellate brief, appellants object to the following instruction given to the jury:
 Although some other physician or surgeon in this specialty might have used a different diagnosis or treatment or procedure different from that used by either of the defendants, this circumstance will not, by itself, without more, prove that the defendant was negligent. The mere fact that the defendant used an alternate method of diagnosis or treatment or procedure is not, by itself, without more, proof of his negligence. You are to decide whether the diagnosis or treatment or procedure used by the defendant was reasonably prudent and in accordance with the standard of care of a physician or surgeon or specialist in that field.
Dr. Hontanosas contends that appellants failed to object to this jury instruction. On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Civ.R. 51(A); Wilhoite v.Kast (Dec. 31, 2001), Warren App. No. CA2001-01-001, unreported.
Appellants respond to this argument by alleging that the instruction was objected to before trial while proposed jury instructions were being discussed. On review of the pages of the transcript in which appellants argue the objection was made, we fail to find a specific objection to this jury instruction. The pages that appellants argue contain an objection to the alternate methods instruction involve an objection to the honest error in judgment instruction quoted above. Although this instruction contains brief language regarding different procedures, the dialogue surrounding this objection deals only with the issue of honest error in judgment and the appropriate standard. Appellants have failed to "stat[e] specifically the matter objected to and the grounds of the objection" as required by Civ.R. 51(A).
Regardless, even if appellants had properly objected the instruction, their argument still fails. Appellants argue that the evidence showed that immediate surgery was only one acceptable course of treatment after a bowel perforation. Contrary to appellants' assertion, the record contains more than sufficient evidence to support an instruction on alternate methods. Dr. Hontanosas testified that in this case, he decided not to operate initially because he felt surgery would be difficult because of difficulty dissecting the patient's abdomen. He also indicated that antibiotics were being given and her colon had been well-prepared for surgery, and Dr. Bhaskar felt that any perforation would be very small.
Dr. Jones, a gastroenterologist, testified that generally, when a perforation occurs, a patient should be taken directly to surgery, but that there are cases that can be managed conservatively without surgical treatment. Dr. Rafferty, an expert in the area of colon and rectal surgery, testified that there are cases where it is within permissible and accepted standards to treat a perforation without surgery. Because there was evidence that an alternate method of treatment to surgery existed as a viable option, the trial court did not err by instructing the jury on alternate methods of treatment. Appellants' fourth assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.