DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas in a case involving a zoning dispute. Because we conclude that that trial court's findings were not against the manifest weight of the evidence, we affirm.
 {¶ 2} Appellant, the Board of Trustees for Springfield Township, Lucas County, Ohio ("Board"), cited appellees, Thomas J. Anderson and his wife, for alleged violations *Page 2 
of certain township zoning ordinances. After discussions with the Andersons about alleged violations, the Board ultimately filed a complaint in the common pleas court against the couple seeking a permanent injunction to enforce township ordinances. The Board alleged that appellees were operating a commercial business in an RA-Rural Residential zoned area and were displaying a sign without a permit, in violation of the Zoning Resolution. Appellant also sought a preliminary injunction.
 {¶ 3} The trial court consolidated the hearing on the preliminary injunction with a trial on the merits. The trial court ultimately made the following factual findings and conclusions of law as to each of the allegations. In their front yard, appellees displayed a placard with the words "firewood for sale" and a telephone number. The court concluded that this was a "sign" as defined by the zoning resolution. Since appellees had failed to obtain a permit for the sign, the court found them to be in violation of Section 2102(A) of the Zoning Resolution and ordered that the placard be removed.
 {¶ 4} Appellant had also alleged that a large red, white, and blue painted wagon containing firewood also qualified as a "sign" and was a zoning violation as well. The trial court declined to find, however, that the wagon was a sign as defined in Section 2101 of the Zoning Resolution. The trial court concluded that the wagon was permitted to remain in appellees' yard.
 {¶ 5} Finally, the trial court found that, although appellees admittedly were operating a commercial business, their business qualified as use for "agricultural purposes" which was permitted in an RA-Rural Residential zoned area. The trial court *Page 3 
concluded that appellees were not in violation of the Zoning Resolution, Section 601. The court denied the preliminary injunction and found in favor of appellees on the merits.
 {¶ 6} Appellant now appeals from that judgment, arguing the following two assignments of error:
 {¶ 7} "Assignment of Error No. 1: The trial court abused its discretion when it ruled that Appellee's painted wagon is not a sign as defined by the Springfield Township Zoning Resolution.
"Assignment of Error No. 2: The trial court abused its discretion in ruling that the Appellee's commercial business operated on his property is agricultural in nature and, therefore, exempt from the RA4-Rural Residential Zoning Resolution."
 {¶ 8} In both assignments of error, appellant challenges the trial court's factual determinations and legal conclusions as to whether the wagon was a sign and the business was agricultural as defined by the Springfield Zoning Resolution as being an "abuse of its discretion." We initially note that both parties have incorrectly cited to R.C. 2506.04, which applies to administrative appeals, as the standard of review in this case. This appeal, however, is from a zoning board's prosecution for violating a zoning ordinance, not an appeal from a decision of the zoning board. Since this case involves factual findings in conjunction with the application of statutory definitions, rather than "abuse of discretion," we conclude that the appropriate standard of review is manifest weight of the evidence. *Page 4 
 {¶ 9} Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. A trial court's findings of fact are presumed to be correct and are given great deference upon review by an appellate court.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. This deference "rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id.
 {¶ 10} Zoning ordinances are in derogation of the common law and tend to deprive the land owner of lawful use of the land. Saunders v. ClarkCty. Zoning Dept. (1981), 66 Ohio St.2d 259, 261. Consequently, ordinances which restrict the use of private property are strictly construed in favor of the land owner and their scope cannot be extended to include limitations not clearly prescribed. Id. Since zoning ordinances "deprive property owners of certain uses of their property, they will not be extended to include limitations by implication."Henley v. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142,152.
 {¶ 11} If the ordinance language is unambiguous, courts apply the plain and ordinary meaning of the words. Roxane Laboratories, Inc. v.Tracy (1996), 75 Ohio St.3d 125, 127. Unambiguous language does not require court interpretation or application of the rules of statutory construction. 4522 Kenny Rd, L.L.C v. Columbus *Page 5 Bd. of Zoning Adjustment, 152 Ohio App.3d 526, 2003-Ohio-1891, ¶ 13. Rather, the "court must only read and follow the words of the ordinance." Id.
 I. {¶ 12} In its first assignment of error, appellant contends that the trial court erred in finding that the wagon, without the placard, still constituted a "sign."
 {¶ 13} According to appellant, the Zoning Resolution defines a "sign" as any device, fixture, placard, or structure that uses any color, form, graphic, illumination, symbol, or writing to advertise, announce, or identify a person, entity, product, service, establishment, activity or sale which communicate information of any kind." Appellant contends that, even without the placard, the wagon filled with wood constitutes a "device" that "communicates" information regarding appellees' business.
 {¶ 14} In this case, the trial court ordered appellees to remove the placard which was clearly a "sign" within the meaning of the Zoning Resolution. Nothing in the record indicates that the wagon, absent the sign, communicated anything than the existence of a wagon on the lawn. Unlike well-known business symbols such as a striped "barber's pole," no evidence was presented that appellees' wagon was well-recognized as a universal symbol for the sale of firewood. Since appellees live in a rural area, without the sign, the wagon might simply appear to be a lawn decoration. Therefore, we cannot say that the trial court's finding that the wagon was not a sign was against the manifest weight of the evidence.
 {¶ 15} Accordingly, appellant's first assignment of error is not well-taken. *Page 6 
 II. {¶ 16} In its second assignment of error, appellant claims that the trial court erred in finding that appellees' business was "agricultural."
 {¶ 17} "[T]he determination of whether an activity qualifies as an agricultural purpose is a finding of fact." Allen Twp. Bd. of Trusteesv. Chasteen (Sept. 23, 1994), 97 Ohio App.3d 250, 257. As we noted previously, an appellate court will not reverse a trial court's finding of fact unless it is against the manifest weight of the evidence.Seasons Coal Co., supra.
 {¶ 18} For the purposes of township zoning laws, R.C. 519.01 broadly defines "agriculture" to include:
 {¶ 19} "farming; ranching; aquaculture; horticulture; viticulture; animal husbandry, including, but not limited to, the care and raising of livestock, equine, and fur-bearing animals; poultry husbandry and production of poultry and poultry products; dairy production; the production of field crops, tobacco, fruits, vegetables, nursery stock, ornamental shrubs, ornamental trees, flowers, sod, or mushrooms;timber; pasturage; any combination of the foregoing; the process of drying, storage, and marketing of agricultural products when those activities are conducted in conjunction with, but are secondary to, such husbandry or production."
 {¶ 20} The harvesting and processing of timber for resale has been held to be an agricultural use, not subject to a township's regulatory powers under R.C. 519.21. See State v. Spithaler (Mar. 3, 2000), 11th Dist. No. 98-T-0197. *Page 7 
 {¶ 21} In the present case, the court found that Anderson "cuts trees and sells the firewood, grows a few crops, and raises animals on his property." The record supports these findings. Referencing Black's Law Dictionary definition, the court further defined "agriculture" as "the science or art of cultivating soil, harvesting crops, and raising livestock. `Agriculture' is broader in meaning than `farming'; and while it includes the preparation of soil, the planting of seeds, the raising and harvesting of crops, and all their incidents, it also includes gardening, horticulture, viticulture, dairying, poultry, bee raising, and ranching."
 {¶ 22} The definition utilized by the trial court did not improperly expand the terms provided in R.C. 519.01.[1] Therefore, we conclude that the trial court's findings and conclusion that appellees were engaged in an agricultural use of the property was not against the manifest weight of the evidence.
 {¶ 23} Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 24} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
[1] Although not included in R.C. 519.01, "bee raising" does not appear to be an issue in this case. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. George M. Glasser, J. JUDGE CONCUR.
Arlene Singer, J., William J. Skow, J., George M. Glasser, J. CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1