DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment of the Huron County Court of Common Pleas. The trial court ruled that appellant Ralph Walcher failed to establish undue influence against his now deceased son, Douglas. The trial court ruled that a disputed option to purchase agreement for their family farm was valid and enforceable. For the reasons set forth below, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} On appeal, appellants, Ralph Walcher and his corporate entities, set forth the following two assignments of error:
 {¶ 3} "1. Trial court erred in not finding that relevant, competent, and credible evidence established undue influence; therefore, the judgment upholding subject lease and purchase option should be reversed.
 {¶ 4} "2. Trial court erred in finding that subject lease/option did not place the dying son's family in a better position than the original trust."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. Appellant Ralph Walcher and his late wife, Alice, owned and operated a large and sophisticated farming business in Huron County, Ohio. Their business enterprise consisted of approximately 386 acres of land utilized in farming operations, orchard operations, and related agribusinesses.
 {¶ 6} The youngest of the Walcher's six children, Douglas, remained at home over the years running his father's farming operations and businesses. The remaining Walcher children were not engaged in running the family business.
 {¶ 7} In November 2001, appellant and his son Douglas retained local attorney Jeffrey Laycock to prepare several documents, including the now disputed option to purchase agreement. That agreement granted an option to acquire the family farming property to Douglas's farming corporation, Hacienda Casa, Ltd. The agreement set the purchase price as the current agricultural use valuation ("CAUV") tax valuation of the property. *Page 3 
 {¶ 8} On November 12, 2001, Attorney Laycock forwarded draft copies of the option agreement to both appellant and Douglas. Both parties to the agreement were advised in writing to feel free to consult outside counsel to review the proposed agreement. Neither party did so.
 {¶ 9} On November 29, 2001, the parties met at Attorney Laycock's office and executed the option agreement. On the date of execution, Douglas conveyed earnest money to appellant in the sum of $500 in exchange for the option agreement.
 {¶ 10} On November 3, 2002, Douglas Walcher died of leukemia. Douglas's widow, Marsha, had always assisted in running the farming operations. During the course of the years that Douglas and Marsha Walcher oversaw the family farming operations, appellant and his late wife consistently gave them verbal assurances that Douglas would inherit the family farm property.
 {¶ 11} Douglas's widow Marsha remained eligible to pursue the option that had been granted to the corporation owned by Marsha and her husband, Hacienda Casa, Ltd. Upon learning of the option agreement accruing to the benefit of Marsha, their sister-in-law, a degree of acrimony developed in the family.
 {¶ 12} On November 2, 2004, appellant filed a complaint alleging undue influence against Douglas and Marsha Walcher. On January 4, 2005, an answer was filed. The case went to trial on January 11, 2006. On February 10, 2006, the trial court issued its judgment finding no evidence of undue influence and ruling the disputed option to *Page 4 
purchase agreement valid and enforceable. On October 11, 2006, appellants filed this appeal.
 {¶ 13} In their first assignment of error, appellants argue that the trial court's judgment finding no undue influence was against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. CE. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 14} A trial court's findings of fact are presumed to be correct and are given great deference upon review by an appellate court. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. The rationale underlying this differential standard of review is rooted in the notion that the trial judge is best suited to view the witnesses, observe their demeanor, and utilize these firsthand observations in weighing the credibility of the evidence and testimony. Bd. of Trustees ofSpringfield Twp. v. Anderson, 6th Dist. No. L-06-1014, 2007-Ohio-1530,¶ 9.
 {¶ 15} There is a wealth of Supreme Court of Ohio precedent establishing the essential elements necessary to prevail on a claim of undue influence. In order to have a valid claim of undue influence, one must establish a susceptible testator, an opportunity to exert undue influence, improper influence exerted or attempted, and a result showing the effect of such influence. Redman v. Watchtower Bible Tract Soc. ofPennsylvania (1994), 69 Ohio St.3d 98, 101, quoting West v. Henry
(1962), 173 Ohio St.2d 498. *Page 5 
 {¶ 16} In order to ascertain the legitimacy of appellants' first assignment of error, we must determine whether the trial court judgment finding that undue influence was not proven was in conformity with the manifest weight of the evidence.
 {¶ 17} We have carefully reviewed and considered the record of evidence. Appellant, Ralph Walcher, unambiguously testified that it was always his intent that whichever of his children ran the farm would inherit the farm. The record demonstrates that Douglas Walcher, with assistance from his wife Marsha, faithfully operated the family farming business for many years. The record clearly demonstrates that none of the other Walcher children were directly involved in conducting the daily business of the farming operations.
 {¶ 18} Ralph Walcher's testimony reveals that he is intelligent, sophisticated in business, and successful. Appellant worked very hard for years to elevate his family farm into a sophisticated and lucrative business operation. As appellant aged, his son assumed the role of primary responsibility for the business and continued successfully running the business.
 {¶ 19} Ralph Walcher and Douglas Walcher utilized Attorney Laycock for various family legal matters, including handling the estate of Ralph's wife, Alice. The record shows that Attorney Laycock prepared the disputed option agreement with the advance knowledge and consent of appellant and Douglas. The record shows that appellant was explicitly given ample opportunity to have the option to purchase agreement reviewed by outside counsel prior to its execution. There is no evidence that appellant desired the *Page 6 
input of outside counsel but was discouraged by Douglas and/or Marsha from a second opinion.
 {¶ 20} The record shows that despite his advanced age Ralph Walcher has been repeatedly found to be cognitively sound and capable of making business decisions by his physician. The record shows that Ralph Walcher received and accepted cash consideration for granting the option to purchase simultaneous to his execution of the agreement.
 {¶ 21} Ralph Walcher unpersuasively attempts to explain his actions that he now seeks to disavow by stating that "I figured it was all perjury anyhow." We find that the record of evidence in this case contains no relevant or compelling evidence establishing improper influence on the part of Douglas or Marsha Walcher so as to undermine the option to purchase agreement.
 {¶ 22} While reasonable arguments can be made that Ralph Walcher was a susceptible testator while faced with his son's terminal illness and that Douglas and/or Marsha Walcher had the opportunity to exert undue influence, there is no evidence showing such improper influence was actually exerted or attempted. The trial court judgment was not against the manifest weight of the evidence. Appellants' first assignment of error is not well-taken.
 {¶ 23} In their second assignment of error, appellants allege the trial court erred in finding that the option to purchase agreement did not place Douglas's family in a superior *Page 7 
position than the original family trust. In support, they argue that they have a legitimate cause of action based upon intentional interference with expectancy of inheritance.
 {¶ 24} It is well established that the requisite elements to prevail on a claim of intentional interference with the expectancy of inheritance are the existence of an expectancy of inheritance, the intentional interference with that expectancy of inheritance, tortious conduct constituting such interference, and reasonable certainty that but for that interference the expectancy of inheritance would have been realized. Miller v. Key Bank Natl. Assn., 8th Dist. No. 86327,2006-Ohio-1725, ¶ 35.
 {¶ 25} Based upon the essential facts of this case, we need not belabor our analysis of this second assignment of error. We find, as a matter of law, that appellants lack the standing to assert a claim of tortious interference with expectancy of inheritance. In order to possess such standing, one must possess an expectancy of inheritance of the disputed property. In the instant case, Ralph Walcher is the devisor not the devisee of the disputed property. Appellants' second assignment of error is found not well-taken.
 {¶ 26} The judgment of the Huron County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Huron County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1