DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Municipal Court of Norwalk, Huron County, Ohio, finding a window tint measuring instrument known as the "Pocket Detective 2.1" reliable. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, K. Ronald Bailey, sets forth the following single assignment of error:
 {¶ 3} "1. THE COURT ERRED IN FINDING THE POCKET DETECTIVE 2.1 SCIENTIFICALLY RELIABLE."
 {¶ 4} The following undisputed facts are relevant to this appeal. On January 7, 2006, appellant was operating his Audi in Huron County, Ohio. Appellant was stopped by an Ohio State Highway Patrol trooper, cited for failure to display a front license plate, and for having unlawful tinting on his front driver door or window. The window tinting citation was issued following the state trooper's testing of appellant's window tinting utilizing a tint measuring device known as the "Pocket Detective 2.1 Window Tint Meter." The test results showed that appellant's tinting was in violation of Ohio's tinting statute, R.C. 4513.241.
 {¶ 5} On January 31, 2006, appellant filed a motion in limine seeking to prohibit the test results from being introduced at trial. Appellant disputed the reliability and accuracy of the Pocket Detective device. On March 1, 2006, an evidentiary hearing was conducted on appellant's motion. The state presented the expert testimony of David Scharrer, the general manager of the manufacturer of the device. Appellant's motion to qualify his son, Thomas K. Bailey, as a defense expert was denied.
 {¶ 6} On March 23, 2006, the court issued judgment denying appellant's motion in limine and finding the Pocket Detective reliable. On January 29, 2007, this court reversed and remanded the case to the trial court to permit defense expert testimony by *Page 3 
Thomas K. Bailey. On March 28, 2007, Thomas K. Bailey furnished expert testimony on appellant's behalf to the trial court.
 {¶ 7} On May 25, 2007, the trial court again found the Pocket Detective admissible. Appellant filed timely notice of appeal.
 {¶ 8} In his single assignment of error, appellant asserts that the trial court erred in finding the Pocket Detective reliable. In support, appellant reiterates the alleged superiority of the defense expert testimony over the state's expert testimony regarding the accuracy and reliability of the Pocket Detective.
 {¶ 9} Trial court findings are presumed to be correct and are afforded substantial deference upon review by an appellate court. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80. The rationale justifying this deferential standard of review stems from the trial court being best suited to view the witnesses, observe their demeanor, and utilize these first-hand observations in weighing the credibility of evidence and testimony. Bd. of Trustees of Springfield Twp. v. Anderson, 6th Dist. No. L-06-1014, 2007-Ohio-1530. Judgments supported by competent, credible evidence will not be reversed by a reviewing court. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 10} We have carefully reviewed the record of evidence to ascertain whether the disputed trial court finding was supported by competent, credible evidence. The trial court received and weighed conflicting expert testimony on the reliability of the Pocket Detective. *Page 4 
 {¶ 11} The state presented expert testimony from Donald Scharrer, the general manager of the manufacturing company that produces the Pocket Detective. Scharrer's testimony established that he possessed both a Bachelor's degree and a Masters degree in engineering. Scharrer furnished detailed and precise testimony, outlining extensive firsthand knowledge of the design, manufacture, workings, processes, and reliability testing of the Pocket Detective. Scharrer's testimony established why and how the Pocket Detective accurately and reliably works. Scharrer's testimony was based upon independently verifiable and accepted professional standards.
 {¶ 12} In contrast, appellant offered the expert testimony of his son, Thomas Bailey. Appellant's expert possesses a liberal arts degree and service in the Air Force reserve including electronics training. Appellant's expert furnished testimony establishing that he performed tests on the Pocket Detective utilizing a self-constructed "makeshift" spectrometer that allegedly demonstrated lack of accuracy or reliability of the device. The court weighed the conflicting testimony and found the state's expert testimony more probative and found the Pocket Detective reliable.
 {¶ 13} It is axiomatic that the trial court is in the best position to observe and consider the conflicting expert witnesses and weigh the respective credibility of the witnesses. The record establishes that the trial court judgment finding the Pocket Detective reliable was supported by competent, credible evidence. Appellant's assignment of error is found not well-taken. *Page 5 
 {¶ 14} On consideration whereof, the judgment of the Norwalk Municipal Court, Huron County, Ohio, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Handwork, J., Skow, J., and Osowik, J., concur. *Page 1