DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Oregon Municipal Court that found in favor of appellee in appellant's action claiming appellee had failed to repay a loan of $1,500 as promised. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant Nieves Rangel sets forth a single assignment of error:
 {¶ 3} "1. The Trial Court's entry of judgment in favor of Defendant/Appellee was against the manifest weight of the evidence." *Page 2 
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On August 13, 2004, appellant wrote a check to appellee in the amount of $3,100. This was shortly before appellee and appellant's son, John, were to be married and the funds were used to pay for their honeymoon. The marriage, however, ended in divorce. On September 14, 2007, after John and Karen were divorced, appellant filed a complaint in Oregon Municipal Court, Small Claims Division, alleging that she had loaned appellee $1,500 on August 13, 2004, which appellee had refused to repay, and asking for judgment in that amount. Trial was held on October 22, 2007.
 {¶ 5} Appellant testified that she offered to lend appellee and her son the money for their honeymoon and that she expected them to pay her back within one year. She further testified that her claim against appellee was for only $1,500 because she asked her son for the other half. Appellant testified that appellee cashed the check but never paid her back and that there was no repayment agreement in writing. She testified that she asked for the money before the divorce by leaving telephone messages but had no conversations about the money while the divorce was pending. Appellant's husband testified that he was present when his wife wrote the check and that "we figured maybe in about a year's time or something like that that they would repay it back, a loan." He had no conversations with appellee about the check after that time. He further testified that he attended all of the divorce court appearances with his son and that, to the best of his knowledge, the subject of the check as a marital debt was not brought up in court during the pendency of the divorce. *Page 3 
 {¶ 6} John Rangel testified that he was present when his parents agreed to give them the money. He stated that the check was made out to appellee because his parents knew that if they made it out to him he would not pay it back. John further testified that his mother raised the issue of the money at the beginning of the divorce proceedings. John stated that he did not list the $3,100 received from his parents on his schedule of expenses and loan payments filed with the domestic relations court at the time of the divorce. The schedule of expenses was admitted into evidence at the trial on this matter.
 {¶ 7} Appellee testified that it was her understanding that the check was a gift to help them pay for the honeymoon. She further testified that she offered to repay appellant a couple of times after the wedding and that appellant told her "not to worry about it."
 {¶ 8} Based on the evidence presented, the trial court granted judgment in favor of appellee.
 {¶ 9} Appellant now asserts that the trial court's judgment was against the weight of the evidence. Appellant argues that appellee did not testify that she was told the money was intended to be a gift and cites her own trial testimony that she told the couple she would not need the money repaid for a year.
 {¶ 10} The trial court found, based on the evidence presented at trial, that the check did not contain any notation as to whether the money was a gift or a loan. The trial court also found that the first notice appellee received that repayment was expected was *Page 4 
in the form of an August 2007 letter from appellant's attorney to her own attorney three years after the check was written.
 {¶ 11} A judgment supported by competent, credible evidence will not be reversed by a reviewing court unless it is against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. Trial court findings are presumed correct and are reviewed with deference by an appellate court. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. The rationale underlying this deferential standard of review is rooted in the notion that the trial court is best suited to view the witnesses, observe their demeanor and utilize first-hand observations in weighing the credibility of evidence and testimony. Bd. of Trustees of Springfield Twp. v. Anderson, 6th Dist. No. L-06-1014, 2007-Ohio-1530.
 {¶ 12} We have carefully reviewed the record of evidence in this matter, which consists primarily of the testimony of the four individuals as summarized above. We are mindful that the trial court is best suited to view the witnesses and weigh the credibility of their testimony. Further, we note the decision of the Tenth District Court of Appeals in Heyman v. Heyman, 10th Dist. No. 05AP-475, 2006-Ohio 1345, in which the parties both contested the trial court's findings regarding several sums of money that were either gifted or loaned by both sets of parents prior to the parties' divorce. The appeals court inHeyman found that in the absence of credible testimony to corroborate the claim that one of the sums was a loan, it could not conclude that the trial court erred in finding that the money was a gift. Similarly, in this case, the trial court was not presented with any type *Page 5 
of signed loan document, notation on the check, or evidence as to specific repayment terms to corroborate appellant's claim that the money was a loan.
 {¶ 13} Based on the foregoing, we find that there was some competent, credible evidence to support the trial court's decision. Appellant's reliance on the fact that appellee never testified that she was told the money was a gift does not persuade us to find otherwise. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 14} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Oregon Municipal Court is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1