[Cite as *First Fed. Bank of Ohio v. Angelini*, 2012-Ohio-2137.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY

First Federal Bank of Ohio                          Court of Appeals No. 3-11-11

    Appellant                                       Trial Court No. 03-CV-00098

v.

John Angelini, Jr., et al.                          **DECISION AND JUDGMENT**

    Appellees                                       Decided:  May 14, 2012

* * * * *

Stephen E. Chappelear, John F. Marsh and Phillip G. Eckenrode,
for appellant.

Timothy A. Shimko, for appellee The Trustee in Bankruptcy for
the Estate of Jeffrey J. Angelini.

James W. Pry II and G. Scott McBride, for appellee Galion
Building & Loan Bank.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Crawford County Court of

Common Pleas.  Following a jury verdict in favor of appellees, appellant First Federal

Bank of Ohio ("First Federal"), filed a motion for judgment notwithstanding the verdict ("JNOV"). The trial court denied the motion. This appeal ensued. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} On appeal, appellant sets forth the following two assignments of error:

I. The trial court erred in denying First Federal's motion for judgment notwithstanding the verdict.

II. The jury's verdict was against the manifest weight of the evidence.

{¶ 3} The following undisputed facts are relevant to the issues raised on appeal. John and Joyce Angelini owed First Federal an unsecured debt in the amount of $849,802.78 incurred as a direct result of payment by First Federal on checks issued by John and Joyce Angelini. There were insufficient funds to cover the amounts of these checks. In an effort to guarantee repayment to appellant, First Federal and John and Joyce Angelini executed a promissory note. Contemporaneously executed with the note, First Federal and John and Joyce Angelini also executed a corresponding collateral pledge agreement. Believing that the collateral pledged by John and Joyce Angelini would be insufficient, the appellant insisted that their son Jeff Angelini become obligated on the indebtedness and pledge real property owned by himself as additional collateral. Appellant further induced John and Joyce by representing that if their son did not pledge various real properties that he owned, John would face various criminal ramifications, including incarceration.

2.

{¶ 4} Prior to the execution of the collateral pledge agreement, First Federal stipulated that upon receipt of $300,000 in proceeds from John and Joyce from refinancing their Florida property, Jeff's properties would be released. To that end, First Federal agreed to prepare a corresponding schedule of release of the properties. The properties were to be released upon the proceeds being received by First Federal and being applied towards the outstanding debts and obligations. These terms were agreed upon by the parties in conjunction with their agreement to execute the collateral pledge agreement. Under these circumstances, John, Joyce and Jeff Angelini executed the loan and mortgages.

{¶ 5} Despite execution of the collateral pledge agreement, appellant failed to prepare the requisite schedule of release of properties. In the interim, John and Joyce refinanced their Florida property. They paid First Federal $405,203.53. First Federal applied $105,470.26 against the debt evidenced by the promissory note and applied the remaining balance of $299,733.22 against a different, under-collateralized loan. Despite receipt of these proceeds, First Federal filed a foreclosure action on all of the properties pledged by the Angelini family.

{¶ 6} The case proceeded to trial wherein a jury verdict was returned in favor of the defendant Jeff Angelini.

{¶ 7} In its first assignment of error, appellant asserts that the trial court erred in denying First Federal's motion for JNOV. In support, appellant puts forth two arguments. First, appellant contends that the fact that the jury rejected appellee's fraud

3.

and duress claims supports its position that the denial of the JNOV was improper. In addition, appellant asserts that because the trial judge made a finding of fact that the mortgages were valid, the jury could not properly have found the mortgages to be invalid.

{¶ 8} The decision to grant or deny a Civ.R. 50(B) motion for JNOV is reviewed de novo. *Osler v. Lorain*, 28 Ohio St.3d 345, 347, 504 N.E.2d (1986) (equating the test regarding review of a JNOV to the test applied to review a directed verdict). A directed verdict is reviewed de novo. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.,* 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4 (setting forth the standard for directed verdict).

{¶ 9} A JNOV is proper if upon viewing the evidence in a light most favorable to the nonmoving party and presuming any doubt to favor the nonmoving party, reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 50(B); *Goodyear* at ¶ 3. Such a decision does not determine factual issues, but only questions of law, even though it is necessary to review and consider the evidence in deciding the motion. *Goodyear* at ¶ 4. "Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon [JNOV]." *Osler,* 28 Ohio St.3d at 347, 504 N.E.2d 19, quoting *Posin v. A.B.C. Motor Court Hotel*, 45 Ohio St.2d 271, 275, 344 N.E.2d 334 (1976).

{¶ 10} Upon viewing the evidence in a light most favorable to the nonmoving party, and presuming any doubt to favor the nonmoving party, a review of the record shows ample evidence from which the jury could have reasonably concluded that there

4.

was an agreement between the parties that upon submitting the proceeds of the refinancing of the Florida property to appellant, appellee Jeff Angelini would be released from his obligation on the bad check debt and he would also be released on the mortgage as it affected his real property. At trial, the vice president of First Federal Bank testified that the collateral pledge agreement specified that a schedule of property to be released as payments were made was agreed to be prepared by First Federal and incorporated in the agreement. He further testified that he unilaterally determined, without notification to or consent from the parties, that he was not going to prepare the agreed upon schedule of release. While this conduct may not have risen to a level to satisfy the legal elements of fraud, it could nevertheless be construed as sufficient to undermine the mortgage. On this additional basis, the jury could have reasonably concluded that the mortgage was invalid. Thus, appellant's reliance on the jury's rejection of fraud or duress is misplaced.

{¶ 11} In further support of its motion for JNOV, appellant argues that because the trial judge made a finding of fact that the mortgages were valid, the jury could not have found otherwise. However, the undisputed evidence from trial demonstrates that appellant did not comply with the separate agreed upon condition that it prepare a corresponding schedule of release and release Jeff Angelini from any further obligation on the note and mortgage. On this basis, there was ample evidence that the jury could have reasonably found the mortgages to be invalid. Appellant's first assignment of error is not well-taken.

5.

**{¶ 12}** In its second assignment of error appellant asserts that the jury's verdict was against the manifest weight of the evidence. In support, appellant incorporates the same arguments from above.

**{¶ 13}** Trial court findings of fact are presumed to be correct and are given great deference upon review by an appellate court. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The rationale justifying this axiomatic standard of review stems from the fact that the trial judge is best suited to view the witnesses, observe their demeanor, and utilize these first-hand observations in weighing the credibility of the evidence and testimony. *Bd. of Trustees of Springfield Twp. v. Anderson,* 6th Dist. No. L-06-1014, 2007-Ohio-1530. Given these guiding legal principles, judgments of fact supported by some competent, credible evidence will not be reversed by a reviewing court unless they are clearly against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

After construing the evidence in the light most favorable to the party against whom the motion was made, giving that party the benefit of all reasonable inferences for reasonable minds to come to a conclusion, we find the jury's verdict was not against the manifest weight of the evidence. Crucial to this finding is that appellant's own testimony provides the evidence on which the jury's verdict was based. Additional evidence in support of the jury's verdict can be found in the agreement created by appellant where it clearly states appellant will provide a schedule of release. This fact was never disputed at

6.

trial.  Even though the jury rejected the fraud and duress claims, it is on this alternative basis that the jury's verdict could have relied.  Appellant's second assignment of error is not well-taken.

{¶ 14} Wherefore, we find that substantial justice has been done.  The judgment of the Crawford County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, costs are assessed to appellant.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Peter M. Handwork, J.

_____
JUDGE

Mark L. Pietrykowski, J.

_____
Thomas J. Osowik, J.
CONCUR.
JUDGE

_____
JUDGE

Judges Peter M. Handwork, Mark L. Pietrykowski, and Thomas J. Osowik, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.